

CRTR2709-CR

# COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY CIVIL
### Docket Report

## 1684CV02843
## Spencer, II, Barry  vs.  Dookhan, Annie  et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Administrative Civil Actions | **FILE DATE:** | 09/13/2016 |
| **ACTION CODE:** | E17 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Civil Rights Act, G.L. c. 12 § 11H | | |
| **CASE DISPOSITION DATE** | 10/24/2016 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 10/24/2016 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil C |

---

### LINKED CASE

---

### PARTIES

**Plaintiff**
Spencer, II,  Barry
MCI Shirley
PO Box 1218
A121687
Shirley, MA 01464

**Defendant**
Auerbach,  John

**Defendant**
Bartlett,  Cheryl

**Defendant**
Bigby,  JudyAnn

**Defendant**
Chu,  Peter

**Defendant**
Conley,  Daniel

**PROPER**

Pro Se,
Massachusetts Bar

Added Date: 09/13/2016

FILED
IN CLERK'S OFFICE
2016 OCT 26  AM 3 10
U.S. DISTRICT COURT
DISTRICT OF MASS.

---


**Defendant**
Dookhan, Annie

**Defendant**
Dwan, William

**Defendant**
Evans, William

**Defendant**
Frasca, Daniella

**Defendant**
Han, Linda

**Defendant**
Keenan, Donald

**Defendant**
Lynch, Timothy

**Defendant**
Mahoney, Brian

**Defendant**
Nassif, Julie


**Defendant**
OBrien, Elizabeth

**Defendant**
Piro, Peter

**Defendant**
Polanowicz, John

**Defendant**
Ryle, John

**Defendant**
Salemi, Charles

**Defendant**
Suffolk County District Attorneys office

| **Defendant** | **Associate Private Counsel** | 651212 |
|---|---|---|
| Walsh, Martin | Anjomi, Nieve | |
| | City of Boston | |
| | City of Boston | |
| | City Hall | |
| | Room 615 | |
| | Boston, MA 02201 | |
| | Work Phone (617) 635-4098 | |
| | Added Date: 10/24/2016 | |



**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
| 09/13/2016 | Civil Filing Fee (per Plaintiff)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 09/13/2016<br>Dismissed Amount: 240.00<br>Dismissing Clerk / Judge: Lauriat, Hon. Peter M<br>Dismissed By: LLIMONE | 240.00 | 0.00 | 240.00 | 0.00 |
| 09/13/2016 | Civil Security Fee (G.L. c. 262, § 4A)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 09/13/2016<br>Dismissed Amount: 20.00<br>Dismissing Clerk / Judge: Lauriat, Hon. Peter M<br>Dismissed By: LLIMONE | 20.00 | 0.00 | 20.00 | 0.00 |
| 09/13/2016 | Civil Surcharge (G.L. c. 262, § 4C)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 09/13/2016<br>Dismissed Amount: 15.00<br>Dismissing Clerk / Judge: Lauriat, Hon. Peter M<br>Dismissed By: LLIMONE | 15.00 | 0.00 | 15.00 | 0.00 |
| | **Total** | **275.00** | **0.00** | **275.00** | **0.00** |

| Deposit Account(s) Summary | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|
| **Total** | | | | |



# COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY CIVIL
### Docket Report

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 09/13/2016 | | Attorney appearance<br>On this date Pro Se added for Plaintiff Barry Spencer | |
| 09/13/2016 | | Case assigned to:<br>DCM Track A - Average was added on 09/13/2016 | |
| 09/13/2016 | 2 | Original civil complaint filed. | |
| 09/13/2016 | 3 | Civil action cover sheet filed. | |
| 09/13/2016 | 1 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit<br>ALLOWED Subject to Review by Judge | |
| 09/13/2016 | 4 | Plaintiff(s) Barry Spencer, II's Motion for<br>Service Process by Suffolk County Sheriff's Department Civil Process Division | |
| 09/14/2016 | 5 | ORDER: To Commissioner of Correction to provide certain information regarding inmate account relative to plaintiff's Motion to waive filing fee and proceed in Forma Pauperis. Notice Sent 09/14/2016 | Lauriat |
| 09/14/2016 | 6 | ORDER: After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action: Service is to be made upon defendant(s) by means of certified mail at the plaintiff's expense, and you must return to the court the original summons with the return receipt card for each defendant. Notice Sent 09/14/2016 | Lauriat |
| 09/14/2016 | | General correspondence regarding Twenty One summonses mailed to plaintiff this day | |
| 09/14/2016 | | General correspondence regarding On 09/14/2016, Order P#5 sent to Marlene Cronin, DOC, to fax order to MCI SHIRLEY requesting a canteen account for (6) months. | |
| 09/27/2016 | | Endorsement on Motion to Plaintiff may serve the defendants by regular 1st class US mail. Plaintiff shall provide an affidavit as proof of service, Pursuant to M.R.C.P. Rule 4. Notice Sent 09/27/2016 (#4.0): ALLOWED | Lauriat |
| 09/27/2016 | 7 | ORDER: Notice of Waiver of Court costs and request for payment to be withdrawn from account (Pursuant to G.L. c. 261 sec. 29) The prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee of $275.00 and court costs (normal) and to proceed in forma pauperis. After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders: The plaintiff is incapable of paying the filing fee and may proceed in forma pauperis. Notice Sent 09/27/2016 | Lauriat |
| 10/06/2016 | 8 | Plaintiff Barry Spencer, II's Motion to<br>appoint designee for defts (w/o opposition) | |
| 10/07/2016 | | Endorsement on Motion to (#8.0): Other action taken<br>Plff shall serve Secretary John Polenowicz with a copy of this motion and order and Mr Polanowicz shall serve and file<br>his response by or before 30 days from his receipt of this motion<br>Notice Sent 10/11/16 | Lauriat |


| 10/17/2016 | 9 | Notice of Removal to the United States District Court filed by |
|---|---|---|
| | | defendant (U.S.Dist.#16cv12076-ADB) (Certified) |
| | | Applies To : Walsh, Martin (Defendant) |
| 10/24/2016 | | Attorney appearance<br>On this date Nieve Anjomi, Esq. added as Associate Private Counsel for Defendant Martin Walsh |
| 10/24/2016 | | REMOVED to the U.S. District Court<br>of Massachusetts |
| 10/24/2016 | | Case transferred to another court. |

I HEREBY ATTEST AND CERTIFY ON

__Oct. 24, 2016__ , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Sellca_

Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS
Suffolk Superior Civil Court
Of The Trial Division

No. 16-2843

Barry Spencer,
        Plaintiff,

        —vs—

Annie Dookhan, Daniella Frasca, Martin Walsh,
John Polanowicz, JudyAnn Bigby, John Auerbach
Linda Han, Charles Salemi, Elizabeth O'Brien,
Peter Piro, Donald Keenan, William Dwan, Peter
Chu, Brian Mahoney, Timothy Lynch, John Ryle
Daniel Conley and Suffolk County District
Attorney's Office, also William Evans
        Defendants,

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
2016 SEP 13 AM 10: 42
SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

## INTRODUCTION

This is an action for money damages for the violation
of the Plaintiff's constitutional rights brought pursuant to
42 U.S.C. § 1983 and M.G.L.c. 12, § 111. Plaintiff Barry Spencer
["Spencer"] alleges that all Defendants acting under the color
of law conspired to deprive him of his constitutionally protected
rights.

Specifically, once Spencer was arrested by members of the
Boston Police Department Drug Control Unit ["DCU"] for selling a
false substance that was field tested, they forworded the sub-
stance to the Department of Public Health's Hinton Laboratory
["Hinton Laboratory'] in Jamacia Plain, where, former state
chemist Annie Dookhan ["Dookhan"] falsified the results of the
chemical tests. At that time, Dookhan was engaged in large-scale
criminal and fraudulent conduct, including falsifing results,
dry labbing, perjury, and forgery. Meanwhile, Sergeant Detective
Dwan, Detective Lynch, Officers Keenan, Chu and Ryle of the DCU
destroyed exculpatory evidence, obstructed justice, engaged in

1

intimidation tactics, and committed perjury in affidavit for
a search warrant and before a magistrate, then before the Grand
Jury in order to ensure Spencer's prosecution in Suffolk
Superior Court. Spencer was consequently indicted and threatened
by the Boston Police Department and the Suffolk County District
Attorney's Office with three ten-year mandatory minimum sentences
in the state correctional institution.

Spencer was convicted of distribution of cocaine and
sentenced to a term of three concurrent terms of five year, and
three concurrent terms of two and a half years on and after the
five. His convictions was based upon in part on the drug-analysis
evidence produced by Dookhan at the Hinton Laboratory. His con-
viction was overturn under Melendez-diaz, and after a second
trial he was aquitted on October 14, 2014, when it discovered
Dookhan fraudulently provided 25 extra samples and the Common-
wealth did not use her certificate at trial.

Contributing to the numerous violations of Spencer's
Constitutional rights, Brady rights were civil rights, of then
Secretary JudyAnn Bigby [presently John Polanowicz] failed to
properly supervise, train, investigate, and monitor the Depart-
ment of Public Health and Hinton Laboratory which employed Doo-
khan. Likewise, the Department of Public Health and its Commis-
sioner John Auerbach failed to adequately supervise, train,
and monitor its Hinton Laboratory, and then engage in a cover-up
of their offenses. Moreover, the Hinton Laboratory Supervisors
from Director Linda Han, down Charles Salemi, Elizabeth O'Brien
to Peter Piro failed to adequately supervise, train, and monitor

2

its Hinton Laboratory employees then engaged in a cover-up of their failures.

The Suffolk County District Attorney's Office failed to adequately supervise, train, and monitor their Assistant District Attorneys, who communicated directly with Dookhan and other chemist during the pendency of their criminal matters, in these matters. They failed to provide Brady material concerning the Hinton Laboratory Powder Sheets, Sequence Sheets, Control Cards, QC Mix Sheets among other that was exculpatory evidence that would have demonstrated prior inconsistent test results.

These failures resulted in deprivation of Mr. Spencer's state and federal constitutionally protected rights, including his procedural and substantive due process rights, and the Fourth, Fifth and Fourteenth Amendment to the Constitution of the United States.

## JURISDICTION

Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, 42 U.S.C § 1983, and on the pendent jursdiction of this court.

## PARTIES

1.   Plaintiff Barry Spencer ["Spencer"] is a resident of Dorchester.

2.   Defendant Annie Dookhan was at all times relevant to this complaint a chemist employed by the Commonwealth of Massachusetts Department of Public Health, and at all times relevant to the complaint acted under the color of state law. She is being sued in her individual capacity.

3.   Defendant Daniella Fresca ["Fresca"] was at all times to

this complaint a chemist employed by the Commonwealth of Massa-
chusetts Department of Public Health, and at all times relevant
to the complaint acted under the color of law. She is being sued
in her individual capacity.

4.    Defendant Donald F. Keenan was at all times relevant to this
complaint a police officer employed by the City of Boston, is
currently employed as a Sergeant Detective [Sgt. Det."], and at
all times relevant to the complaint acted under color of law. He
is being sued in his individual capacity as a police officer for
the City of Boston.

5.    Defendant William Dwan was at all times relevant to this
complaint a Sergeant Detective ["Sgt. Det."] employed by the City
of Boston, is currently employed as the same, and at all times
relevant to the complaint acted under color of law. He is being
sued in his individual capacity as a police officer for the City
of Boston.

6.    Defendant Timothy Lynch was at all times relevant to this
complaint a Detective ["Det."] employed by the City of Boston,
and at all times relevant to the complaint acted under color of
law. He is being sued in his individual capacity as a police
officer for the City of Boston.

7.    Defendant Peter Chu was at all times relevant to this com-
plaint a police officer employed by the city of Boston, and at
all times relevant to the complaint acted under color of law. He
is being sued in his individual capacity as a police officer for
the City of Boston.

8.    Defendant Brian Mahoney was at all times relevant to this

complaint a police officer employed by the City of Boston, and
at all times relevant to the complaint acted under the color of
law. He is being sued in his individual capacity as a police
officer for the City of Boston.

9.   Defendant John Ryle was at all times relevant to this com-
plaint a police officer employed by the City of Boston, and at
all times relevant to the complaint acted under color of law. He
is being sued in his individual capacity as a police officer for
the City of Boston.

10.  Defendant John Polanowicz/JudyAnn Bigby ["Secretary"] was
at all times material to the allegations in the complaint the
duly appointed Secretary of Executive Office of Health and Human
Services ["EOHHS"] of the Commonwealth of Massachusetts. As such,
the Secretary was responsible for oversight of the Department of
Public Health and acted under the color of state law. Secretary
is being sued in his/her individual capacity.

11.  Defendant Cheryl Barlett/John Auerbach was at all times
relevant to this complaint the Commissioner of the Department
of  the Public Health ["Commissioner"] was at all times material
to the allegations in the complaint acted under the color of
state law. Commissioner is being sued in her/his individual
capacity.

12.  Defendant Linda Han ["Han"] was at all times relevant to
this complaint  employed by the Department of Public Health
as the Director of Hinton Lab and acted under the color of state
law. She is being sued in her individual capacity.

13.  Defendant Julie Nassif ["Nassif"] was at all times relevant

to this complaint employed by the Commonwealth of Massachusetts Department of Public Health and was in charge of the Division of Analytical Chemistry, including that at Hinton Lab, and acted under color of state law. She is being sued in her individual capacity.

14. Defendant Charles Salemi ["Salemi"] was at all times relevant to this complaint employed by the Department of Public Health as a supervisor of operations at Hinton Lab and acted under color of state law. He is being sued in his individual capacity.

15. Elizabeth O'Brien ["O'Brien"] was at all times relevant to this complaint employed by the Department of Public Health as a supervisory evidence officer at the Hinton Lab and acted under color of state law. She is being sued in her individual capacity.

16. Defendant Peter Piro ["Piro"] was at times relevant to this complaint employed by the Department of Public Health as a supervisor GC/MS operations at the Hinton Lab and acted under color of state law. He is being sued in his individual capacity.

17. Daniel Conley is the Suffolk County District Atorney ["Suffolk DA"] for the Suffolk County District Attorney Office. His Office is responsible for the prosecution of state cases in Suffolk County. He has a primary office in Boston, Massachusetts. He is being sued in his individual and official capicity, as both Daniel Conley and Suffolk County District Attorney's Office.

17. Defendant Mayor of City of Boston, Martin J. Walsh, is the City of Boston's chief policy maker. The mayor is being sued in his individual and official capacities. At all times relevant to this action, the mayor was acting under the color of state law as the mayor of the city of Boston.

18. Defendant, City of Boston Police Commissioner, William Evans, is the City of Boston's Police Commissioner employed by and the agent of the City of Boston. The police commissioner is sued in his individual and official capacity. At all times, relevant to this action, the police commissioner was acting under the color of state law as the City of Boston Police Commissioner.

## STATEMENT OF FACTS

19. The Federal Governments "war on drugs" has shifted the City of Boston's Mayor and Police Commissioner to to wage war primarily in inner cities against low-level Africian-American street dealers and users.

20. The City of Boston Mayor and Commissoner of Police has had a long history of denying the constitutional, civil and other rights of citizens that the City of Boston policy makers, was on notice of at the time prior to, and at the time Defendant Police Commissioner was hired, but in deliberate indifference to the constitution, civil, and other rights of the citizens of the city of Boston, the City has ignored the Police Commissioner's history of violating and acquiescing in the violation of citizen's constitutional rights.

21. The City of Boston Police Commissioner has had a long history of gestapo tactics in the African.—American. communities common tactics included massive street sweeps, racial selective buy/bust operations, home raids, racial profiling, search on sight of blacks and prosecution under draconian federal laws, denying the constitutional, civil, and other rights of citizens that the City of Boston policy makers, such as Defendant Mayor, was on notice of at the time prior,'and at the time of Defendant Police Commissioner was hired, but in deliberate indifference to the constitutional, civil and other rights of the citizens of the City of Boston , the City and Defendant Mayor ignored the Police Commissioner's history of violating and acquiescing in violation of citizens' constitutional rights.

22. The City of Boston Police Commissioner has had a long history of failing to properly, hire, train, and discipline police officers under his command that Defendant, City of Boston policy makers, such as Defendant Mayor, was on notice of at the time Defendant Police Commissioner was hired, but in deliberate indifference to the constitutional, civil, and other rights of the citizens of the City of Boston, the City ignored the Police Commissioner's past failures as police commissioner.

23. Since the deliberate indifference hiring of the Police Commissioner, the Defendant Mayor actually rewarded him by giving him a raise at a time when the mayor was laying off City of Boston employees due to budget cuts.

24. On May 24, 2006, an alleged call came in to Drug Control Unit("DCU"), Tip Line the caller him/her stated " A Black Male and Female moved into an apartment and are selling drugs and will not leave".

25. Defendants Keenan, Dwan, Lynch, Chu, Ryle and Mahoney, decided to unlawfully, willfully, deliberately, recklessly conspire to arrest the black male and female even at the cause of vitiation of the constitution, supervision, such as Defendant Dwan was on notice, policy makers such as Defendants Mayor and Police Commissioner, was on notice, but all had a long history of failing to properly hire, train, and discipline those under their command, and were deliberate indifferent to the constitutional, civil and other rights of the citizens of the City of Boston, the City ignored the Police Commissioner's history of violating and acquiescing of citizens' constitutional rights.

26. Defendants Dwan, Keenan, Lynch Chu, Ryle and Mahoney worked out a plan to arrest the African-Americans, prior to returning the call, then made the call and followed through with the prearrangement with Kathy Parker the person who answered the phone, there were no police notes, logs or copies of the alleged Tip Line call even thought it was in vitiation of the constitution, supervision, such as Defendant Dwan was on notice, same as policy makers such as Defendants Mayor, Police Commissioner and District Attorney has known for years that Defendants Dwan, Keenan, Lynch, Ryle, Chu and Mahoney has unlawfully, intentionally, willfully, maliciously,

and recklessly have failed to keep records of exculpatory, brady and basic evidence in a criminal case when it comes to African American citizens.

27. Defendants Dwan, Mahoney, Lynch, Chu, Ryle, and Keenan used Parker's open drug case in BMC as inducement, to use her as an informant to unlawfully agree to act in concert with and conspire with DCU officers Dwan, Mahoney, Lynch, Chu, Ryle and Keenan to have her intoduce Keenan as a friend who wants to buy drugs, and if the plaintiff can get him some, among friends, since the plaintiff is Black and knows people, racial profiling are part of the widespread patterns and practices of these defendants even to the point of violation of the constitution, supervision, Defendant Dwan and Police Commissioner are aware acts under the color of state law pursuant to custom, policy, and practice, in unlawful concert and agreement with the DCU Defendant Officers Dwan, Mahoney, Chu, Ryle, Lynch and Keenan actions to frame the plaintiff, same as the District Attorney and are deliberate indifferent to the constitutional, civil, and other rights of this citizen.

28. For days, Defendants Dwan, Keenan, Mahoney, Lynch, Chu, and Ryle would unlawfully agree to act in concert with and conspire among themsleves, and with Parker to engage the plaintiff or his female friend, with getting something for Keenan by badgering, threats, intimidation, and coercion by way of Parker under the policy, custom and practice of Defendants Dwan, Ryle, Chu, Mahoney, Lynch and Keenan in order to obtain a controlled substance.

29. Under the threat, coercion, and intimidation of the
policy and custom of City of Boston, policy maker, Defendant
Mayor, Defendant Police Commissioner and supervisor, Defendant
Dwan, and officers he unlawfully agreed to act in concert with
and conspire with such as Mahoney, Chu, Ryle, Lynch and Keenan
along with Parker, conspired on the morning of May 26, 2006
and Keenan came to Parker's house for an alleged sale, and
he left, right after the plaintiff was arrested.

30. For years, Defendants Mayor, Police Commissioner and City
of Boston pursuant to custom, policy and practice of not
properly investigating cases and obtaining evidence, did not
do any field test on the substance obtained, if so, defendants
destroyed the Narc Swipe and threw away the sample they tested,
by way of the defendants Dwan, Lynch, Ryle, Chu, Mahoney and
Keenan, City of Boston Police Commissioner has had a long
history of failing to properly hire, train, and monitor police
officers under his command denying constitutional, civil and
other right to citizens that the City of Boston policy makers,
Defendant Mayor and District Attorney was on notice of at the
time prior of and at the time of the Police Commissioner's was
hired , but in deliberate indifference to the constituttional,
civil and other rights of citizens of the City of Boston, the
City of Boston ignored the Police Commissioner's history of
violating and acquiescing in violation of citizen's constitu-
tional rights.

31. Defendant Sgt. Det. Dwan had  the samples obtained by
Keenan sent to the State Department of Public Health, William

Laboratory ["Hinton"] for chemical testing & analysis.

32. Defendant John Auerbach/Cheryl Barlett has had a long history of denying the constitutional, civil and other rights of citizens that the City of Boston policy makers, Defendant Mayor, and Commonwealth of Massachusetts Secretary John Polanowicz/JudyAnn Bigby, was on notice of at the time of the last Commissioner of the Department of Public Health was working and when the new officer was hired, but in deliberate indifferance to the constitutional, civil, and other rights of the citizens of the City of Boston and the Commonwealth of Massachusetts, the Commonwealth and City ignored the Department of Public Health Commissioner's history of violating and acquiescing in violation of citizens' constitutional rights.

33. Defendant Department of Public Health Commissioner has had a long history of failing to properly, hire, train, monitor, and discipline supervisors and chemists under his command that Defendant, Secretary of Executive Office of Health and Human Services of the Commonwealth, and Defendant Mayor, policy makers, were on notice of at the time Defendant Department of Public Health Commissioner was hired, but in deliberate indifference to the constitutional, civil, and other rights of the citizens of the citizens of the Commonwealth and City of Boston, the City and Commonwealth ignored the Department of Public Health Commissioner's past failure as commissioner of department of public health.

36. The Commonwealth of Massachusetts Department of Public Health Director of Hinton Lab has had a long history of denying the constitutional, civil, and other rights of citizens that the Commonwealth of Massachusetts and city of Boston, policy makers, such as Defendant Mayor, Secretary of Executive Offices of Health and Human Services of the Commonwealth of Massachusetts, Commonwealth of Massachusetts Commissioner of the Department of the Public Health, Commonwealth of Massachusetts Department of Public Health Division of Analytical Chemistry and the District Attorney of Suffolk County, was on notice of prior to and at the time of her Hinton Lab Director was hired, but in deliberate indifference to the constitutional, civil, and other rights of the citizens of the City of Boston and the Commonwealth of Massachusetts, the City and commonwealth ignored the Hinton lab Director's history of violating and acquiescing in violation of citizens' constitutional rights.

37. The Commonwealth of Massachusetts Department of Public Health Director as Director of Hinton Lab has had a long history of failing to properly hire, train, monitor, and discipline supervisors and chemist under her command that Defendant, Commonwealth of Massachusetts and City of Boston policy makers, such as Defendant Mayor, Secretary of Executive Offices of Health and Human Services of the Commonwealth of Massachusetts, Commonwealth of Massachusetts Commissioner of Department of Public Health, Commonwealth of Massachusetts Department of Public Health Division of Analytical Chemistry, and District Attorney of Suffolk County.

14

34. The Commonwealth of Massachusetts Department of Health Division of Analytical Chemistry, Julie Nassif, has had a long history of denying constitutional, civil, and other rights of citizens that the Secretary of Executive Office of Health and Human Services of the Commonwealth, the Commissioner of the Department of Public Health, the Mayor and District Attorney were all on notice of prior to the time of her hire and at the time of her hire, but in deliberate indifference to the constitutional, civil, and other rights of the citizens of the City of Boston, the City ignored the Commonwealth of Massachusetts Department of Health Division of Analytical Chemistry's history of violating and acquiescing in violation of citizens constitutional rights.

35. The Commonwealth of Massachusetts Department of Health Division of Analytical Chemistry, Julie Nassif, has had a long history of failing to properly, hire, train, monitor, and discipline supervisors and chemist under her command that Defendants, Commonwealth of Massachusetts and City of Boston, policy makers, such as Defendant Mayor, Secretary of Executive Office of Health and Human Services of the Commonwealth, Commissioner of Department of Public Health, and District Attorney was on notice of at the time Defendant Commonwealth of Massachusetts Department of Health Division of Analytical Chemistry was hired, but in deliberate indifference to the constitutional, civil, and other rights of the citizens of the City of Boston, and Commonwealth.

38.   Defendant Elizabeth O'Brien  has had a long history of deny-
ing the constitutional, civil, and other rights of citizens
that the Commonwealth of Massachusetts and City of Boston
policy makers, such as Defendant Mayor, Secretary of Executive
Offices of Human and Health Services of the Commonwealth of
Massachusetts, Commissioner of Department of Public Health,
Department of Public Health Division of Analytical Chemistry
Director, and Director of the Hinton Lab and District Attorney
of Suffolk County, was on notice of at the time Defendant
Supervisor of the Hinton Lab was hired, but in deliberate
indifference to the constitutional, civil, and other rights
of the citizens of the Commonwealth of Massachusetts and City
of Boston, the City and Commonwealth ignored the supervisor's
history of violating and acquiescing in violation of citizen's
constitutional rights.

39.   Defendant Elizabeth O'Brien has had a long history of
failing to properly hire, train, monitor, discipline chemist
under her command that defendant, policy makers Director of
Hinton Lab, Director of Division of Analytical Chemistry and
the Commissioner of Department of Public Health, was on notice
of at the time the Hinton Lab Supervisor was hired, but in
deliberate indifference to the constitutional, civil, and
other rights of the citizens of the City of Boston and the
Commonwealth, the City of Boston and Commonwealth ignored the
Lab Supervisors' past failures as a hinton lab supervisor.

40.   The alleged controlled substances were received in the
Hinton lab on June 5, 2006 and placed in the evidence safe

15

by chemist Dookhan who was helping in the evidence area, she also had unfettered access to the computers with O'Brien's code access as she stood by and witnessed Dookhan then and and on prior occassions unlawfully, intentionally, willfully enter samples into the Fox system without being properly trained in that area.

41. Suffolk District Attorney assistant Barbara Young called the Hinton lab about the status on another sample in an earlier case, Commonwealth v Spencer, SUCR2004-10017, Dookhan took the call, and sent the sample and the sample for this case was pulled sample no. 773385, and assigned to her bench partner Daniella Fresca 25 samples, however, an additional 25 samples were pulled the same day on a separate paper Fresca was alleged not aware of.

42. Defendant O'Brien had given Dookhan the green light to unfettered access to the safe and computers, to the point her employees in the evidence room did not question her actions it was the custom and policy for Dookhan to get her own samples, and assign others to chemist and initial O'Brien's name and used her computer access.

43. In months proceeding plaintiff's sample being placed in safe, Salemi, O' Brien and Piro were receiving complaints about about Dookhan's sample examination numbers since 2004 where she done 21% of the lab samples single handedly, in 2005 she did 26.8%, where it was known she could not be following proper lab protocol, Defendants Salemi, O'Brien, Piro, and Han, Hinton lab Supervisors, has a long history pursuant to a cus-

tom, policy, and practice of not properly investigating
work-place complaints against Defendant Dookhan, have allowed
Defendant Dookhan to continue to tamper, switch, change samples,
results to cover up and to erect a "Chemist Wall of Silence"
to continue to convict African American men, like Plaintiff,
in the City of Boston, in the Commonwealth of Massachusetts.

44. For years, Defendants O'Brien, Salemi and Piro, Common-
wealth and City of Boston policy makers, such as Defendant
Mayor, Secretary of Executive Offices of Human and Health
Services of the Commonwealth of Massachusetts, Commonwealth
of Massachusetts Commissioner of Public Health, Director of
Department of Public Health Division of Analytical Chemistry,
Director of Hinton Lab, Suffolk District Attorney, also
Defendant Police Commissioner, and City of Boston and Common-
wealth of Massachusetts have known that chemists such as
defendants Daniella Fresca and Annie Dookhan and the others
herein mentioned would act in concert with and conspire with
each other to protect themselves from those outside their
position within law enforcement.

45. In contrast, when reviewing the powder sheets Defendant
Fresca done preliminary test, Defendant Dookhan's initial's
are all over the powder sheet, when Fresca is suppose to be
the only person in control of the powder sheet.

46. For years, Defendants Director of Hinton Lab, Supervisors
Salemi, O'Brien, and Piro have unlawful custom, policy, and
practices of not following preliminary test and GC/MS proce-
dures as having preliminary chemist load the GC/MS, leave
samples in area, pass along others samples...

47. Defendant Dookhan on July 11, 2006 recorded what she considered the test results of the samples she tested, and recorded under Defendant Fresca's name, it is not knowned if she was monitored when the test were done.

48. Defendant Dookhan's work bench was full of open vials, of different samples, a sea of cross contamination, where her prosecution faith based charitable work of unlawful, intentional, harmful, willful, malicious, reckless and deliberate tampering with evidence occurred under the color of law pursuant to a custom, policy and practice in unlawful concert and agreement with Defendants supervisors, O'Brien, Salemi, Piro, Han and Nassif to cover up Dookhan and Fresca actions in regards to their work discrepancies, when assigned together on a project.

49. In the months proceeding Plaintiff's testing, Fresca witnessed Dookhan not following protocol, including documenting preliminary test, weighing her scales, violating numerous lab procedures, and receiving calls directly from district attorneys and police officers yet she unlawfully agreed to act in concert with and have known that it was not pursuant custom, policy, or practice for Dookhan to do such acts but she agreed to cover up and to erect a "chemist or Blue Wall of Silence" with regards to Dookhan, denying constitutional civil, and other rights of citizens, that the Commonwealth of Massachusetts supervisors and Director of the Hinton Lab such as, Nassif, Han, Salami, O'Brien, and Piro was on notice of at the time of Fresca's hire, but in Deliberate indiffe-

rence to the constitutional, civil, and other rights of the citizens of the City of Boston and the Commonwealth, the Hinton Lab Directors and supervisors ignored Fresca history of violating and ..acquiescing in violation of citizens' consititutional rights, Fresca failed to report anything she saw while they worked in the same room, for years.

50. The Drug certificate signed by Dookhan and Fresca is predicated upon egregious government misconduct falsely certifying that the sample substances submitted by Defendants Dwan, Mahoney, Chu, Ryle, Lynch and Keenan were a controlled substance, and a copy was forwarded to the Suffolk District Attorney and to Boston Police Evidence Safe with the samples, and the officers.

51. Defendants Han, Salemi, O'Brien, Piro, Fresca and Dookhan acted under the color of state law pursuant to a custom, policy, and practice, in unlawful concert and agreement with Defendants Dwan, Keenan, Ryle, Lynch, Mahoney and Chu to cover up actions with regard Keenan receiving false and or a counterfiet substances, prior to May 26, 2006 and on May 26, 2006, which the Defendant Officers alleged were "controlled substances" in their police reports, and these individual defendants collectively and individually have a long history of denying constitutional, civil, and other rights of citizens that the Commonwealth and City of Boston policy makers, such as Defendant Secretary of Executive Offices of Human and Health Services of the Commonwealth, Mayor of City of Boston, Police Commissioner, Director of Public Health, was on notice at the

at the time of their hire or repremands, but in deliberate
indifference to the constitutional, civil and other rights
of the citizens of the City of Boston and Commonwealth, the
Commonwealth and City ignored there employees' historys' of
violating and acquiescing the violation of citizens' consti-
tutional rights.

52.  About August 2006 Assistant District Attorney Barbara
Young, convened a grand jury hearing were Keenen appeared in
court and repeatedly lied about the incident, Dwan acted in
concert with and conspired with Keenan and also lied about
the incident along with Ryle, Mahoney and Chu to cover up
and erect and maintain a "Blue Wall of Silence" over the
plaintiff involvement, what the samples obtained were and
to the contents expressed in the Certificate predicated upon
egregious government misconduct.

53.  None of the Defendants Dwan, Keenan, Ryle, Mahoney, nor
Chu would testify as to the custom, policy or practice of
securing and field testing evidence, especially when these
samples were not what they were suppose to be, a controlled
substance; None of them testified as to any Field test done
on the substances, albeit, at the request of the Assistant
District Attorney they presented the Drug Certificate.

54.  At the request of the Suffolk County District Attorney's
Office and tainted evidence and testilies presented, the
grand jury issued indictments against the plaintiff relevant
to this complaint for 3 seperate counts of distribution of a

class b controlled substance, the same within a park or a
school zone and the underlying offenses as a subsequent
offense, carring a mandatory minimum state prison sentence of
of five years.

55. In response to Discovery the Suffolk District Attorney
did not provide all Hinton Lab reports, such as Powder Sheets,
sequence Sheets, Control Cards, QC Injector Mix Results, and
others test ongoing correspondance between Chemist and Police,
Chemist and Prosecutors, Commonwealth of Massachusetts
Director of Hinton Lab and her employee Defendant Supervisors
Salemi, O'Brien, and Piro and the Commonwealth of Massachusetts
District Attorneys, such as Suffolk District Attorney, and
City of Boston Police Commissioner and his police officers
have a long history of unlawfully interacting denying the
constitutional, civil and other rights of citizens and are
deliberate indifferate thereby doing so, further the District
Attorney under the color of state law denys constitutional,
civil and other rights by not providing the defense this infor-
mation held by the Hinton lab.

56. For Years, Defendant Secretary of Executive offices of
Human and Health Services of the Commonwealth, Defendant Mayor,
Defendant District Attorney, Police Commissioner, Commonwealth
and City of Boston pursuant to a custom, policy, and practice
wrongfully violated the constitutional, civil, and other rights
of citizens of the Commonwealth and City by indicting African
Amercians with Hinton lab presumptive egregious misconduct
prosecutor Drug certificates, and were deliberate indifferent

to the constitutional, civil, and other rights of the citizens' of the Commonwealth and City of Boston.

57. Prior to trial in 2007, albeit, several Discovery and Bill of Particular, also Exculpatory Motions were filed by the plaintiff the Distict Attorney and Assistant District Attorneys' never released the Hinton Lab discovery of the control cards, Powder Sheets of the two Releases of Samples to Daniella Fresca for the same day, Sequence Sheet, among other test and protocols required of chemist, this office has had a long history of denying the constitutional, civil, and other rights of citizens that the City of Boston and Commonwealth policy makers, Secretary of Executive Office of Human and Health Services of the Commonwealth and Mayor of the City of Boston, was on notice of at the time prior to and at the time Defendant District Attorney was hired/elected, but in deliberate indifference to the constitutional, civil, and other rights of the citizens of the City and Commonwealth, the City and commonwealth ignored the District Attorney's history of violating and acquiescing in violation of citizens' constitutional rights.

58. On April 17, 2007 Spencer went to trial the Commonwealth by way of Defendants Dwan, Keenan, Ryle, Chu, Mahoney, and Lynch repeatedly appeared and repeatedly lied about the incidents, and was allowed to introduce the Drug Certificate that was predicated upon egregious misconduct, and the plaintiff was found guilty.

59. On August 17, 2010 the Plaintiff's Unopposed Motion For A New Trial - Post Conviction Relief was allowed and he was released on bail.

22

60. During the pendency of the case, Defendant District
Attorney provided Plaintiff with notice that he intended to
call Defendants Fresca and Dookhan as expert witnesses should
he intend to go to trial, along with notice was the
Curriculum Vitae of each defendant, Dookhan claimed to have
received her Master of Science in Chemistry from the Univer-
sity of Massachusetts, and accompanying these documents was
the Drug Certificate predicated upon egregious government
misconduct.

61. For years, Defendant District Attorney, Secretary of
Human and Health Services, Commissioner of Department of
the Department of Public Health, Director of Public Health,
Division of Analytical Chemistry and Director of Hinton Lab
has a long history of not reviewing the Curriculm Vitae of
witness for the Commonwealth for court and employment,
and was on notice of at the time of the Defendant chemists'
hire, but in deliberate indifference to the constitutional,
civil and other rights of the citizens of the City of Boston
and the Commonwealth, including but not limited to African
Americans like the Plaintiff who are the majority of the
victims of these unlawful witnesses falsifying their CV.

62. At no time prior to the first trial did the Suffolk
District Attorney provide the plaintiff with Hinton Lab
discovery, albeit, he made several request for the informa-
tion that pertained to the case and that was exculpatory.

63. For years, the City, District Attorney and Commonwealth

Secretary of Executive Offices of Human and Health Services
and the Mayor was on notice as policy makers, that the custom,
policy, and practice was to provide Drug Certificates in
criminal matters without being able to cross-examine the
chemist as to their test, procedure, and actions which was a
long history of denying the constitutional, civil, and other
rights of the citizens that the Defendants were on notice of,
but in deliberate indifference to the consitutional, civil, and
other rights of the citizens of the City of Boston, the City
and Commonwealth employees' history of violating and acquiescing
in violation of citizens' constitutional rights.

64. On December 17, 2012, Defendant Dookhan was indicted in
Suffolk Superior Court, in connection with her work , for tampering
with evidence, misleading criminal investigation, and other
charges.

65. At all times relevant to this complaint, Secretary Bigby
Commissioner Auerbach, Directors' Nassif and Han were directly
responsible for the policies, practices and customs of the
Hinton Lab employees, and for their supervision, monitoring,
and training.

66. The Commonwealth, The City, Defendant Mayor, Secretary
Bigby/Polanwicz and Commissioner Auerbach/Barlett maintained
outdated operation procedures for the Hinton Lab, nor under-
took any action toward independant accreditation, these Defen-
dant policy makers were on notice and have a long history of
denying the constitutional, civil, and other rights of citizens
of the Commonwealth and City, and has ignored their own history

of violating and acquiescing in the violation of citizens' consititutional rights.

67. In December, 2012 Commissioner Auerbach resigned from his post as Commissioner of the Department of Public Health, upon his resignation, Auerbach issued thia statement: "It is clear that there was insufficient quality monitoring, reporting and investigation on the part of supervisors and managers sur-rounding the former Department of Public Health lab in Jamacia Plain."

68. Hinton lab super lab supervisors O'Brien, Salemi, Piro, Nassif and Han, failed to monitor Dookhan adequately, failed to alert supervisors to problems, and allowed her to continue to have access to substances, to test substances, to withhold exculpatory evidence, enter the evidence computers and to testify in court even after the breach in June 2011.

69. In September of 2012, the Attorney General's Office launched an investigation into the misconduct the Hinton lab, based upon interviews of Hinton lab employees, the State Police Reported the following:

A. Dookhan forged other chemists' and evidence officers' initials in an unknown number of instances, including on Quality Assurance and Quality Control documents. She ignored Lab procedures by loading and running her own samples on the GC/MS.
B. Dookhan failed to properly run QC/QA test samples, instead purposefully making up test result numbers on the "Quality Control Daily Injector Test" on the GC/MS. Dookhan maintained a level of production of test results

that concerned supervisors and co-workers, often analyzing
more samples in a week than they did in a month. She was
submitting racks upon racks of sample vials to the con-
firmatory chemists, and leaving many samples out on her
bench top.

D.   Dookhan exhibited a pattern  of failing basic laboratory
procedures, including documentation issues, failing to
calibrate balances, and having a work space filled with
numerous vails open to cross contamination.

E.   O'Brien allowed Dookhan access to the evidence office
computers in order to enter and look up data even after
she was suspended from the lab duties.

F.   Dookhan engaged in the practice of "dry labbing" looking
at the sample instead of testing them with the presump-
tive testing. Dookhan was not using the proper method of
inspecting slides prepared for a microscope. This resulted
in an unknown number of samples coming back as heroin
when Dookhan had supposedly tested it and found it to be
cocaine and vice versa. Dookhan would then alter these
samples so that they would come out the way she wanted.

G.   Dookhan was contacted directly by ADAs and police officers
about specific samples, which she would then "pull" for
analysis, even out of order, despite lab policies for-
bidding both this contact and action.

H.   Dookhan accessed the lab numerous times while suspended
and also many times without any supervisor of the evidence
room.

I.   Dookhan had a key and unfettered access to the evidence
room and safe.

J.   The Laboratory had a culture of lax oversight, as many
issued with Dookhan were allowed to continue for years, even
having her responsible for training and for some
QC/QA Procedures.

K.   Numerous lab personnel expressed concerns with Dookhan's
workload, documentation errors, blatant forgeries, and

26

questionable test results, but no action was taken.

L.  In 2010, Dookhan's work was audited due to concerns about her workload. However, samples were not retested. Rather, it appears paperwork was simply reviewed.

M.  The Department of Public Health did not retain records when a sample was resubmitted and retested; the number of any retests was not tracked or audited in any manner.

N.  The lab evidence room and evidence safe were accessible to an unknown amount of chemist and employees of the Of the Lab.

O.  The procedures to restruct access to the evidence room were ignored and circumvented. The safe was found open and unattended, was left propped open when it was "busy" and was accessible by codes and keys that had not been changed in over a decade.

P.  An unknown number of chemist had keys to the safe.

Q.  The palm reader access point to the eviednce room was not recording those who entered, or that information was not preserved properly, or was destroyed, and as of the date of this complaint the State Police Investigation has not uncovered any records of access to evidence room via the palm reader.

R.  In June 2011, Han and Nassif discovered Annie Dookhan had breached protocol and removed 90 samples from the evidence room without authorization.

S.  Han and Nassif did not properly investigate the specific breach of protocol, her worklaod, her results, and/or her general lack of adherence to protocol. They also failed to make written findings of her resubmittals or or other QC/QA issues that were recorded.

T.  The method of samples being checked in and out suffered from lack of oversight, as whole sets of numbers could be pulled by Dookhan without anyone noticing.

U.  The evidence officer or officers had a pattern of laxity when it came to tracking samples and access to evidence room and safe, computer terminals, and written logbooks.

V.   On or about December 2011, when it was clear that an
     unknown number of keys opened the safe, Auerbach began an
     investigation into Dookhan.

W.   Shirley Sprague, who worked in the evidence office, claims
     Salemi started checking keys, and perhaps switching them out.

X.   Salemi claims that Nassiff said she was checking keys for
     Dookhan and a few others, but no plan to check every key
     was made and take inventory of who had keys to the
     evidence room.

Y.   The Hinton Lab did not appear to adhere to any safeguards
     or policies to prevent assistant district attorneys and
     police officers from contacting a specific chemist about
     a specific case or cases.

Z.   Annie Dookhan lied about receiving a Master's Degree in
     Chemistry from University of Massachusetts as listed in
     her resume or curriculum vitae, which she gave to the
     Assistant District Attorney handling Soloman's case. This
     false information was used by the District Attorney's
     Office through the course discovery in preparation for
     trial.

70.  At all times relevant to the allegations contained in
this complaint Nassiff, Han, Salemi, O'Brien, and Piro failed
in their respective positions to conduct oversight, investi-
gate complaints, report violations, enforce safeguards or
policies, produce exculpatory evidence, and ensure the inte-
grity of the samples while stored at the Hinton Lab Evidence
Room ans safe.

71.  Secretary Bigby/Polanowicz, Commissioner Auerbach/Barlett
Nassiff, and  Han all failed to prohibit direct contact
between Hinton lab chemists and Assistant District attorneys
prior to testing the substances in the cases being prosecuted,
Conley District Attorney was also on notice.

72. For years, Suffolk County District Attorney's Office and Secretary of Executive offices of Human and Health Services failed to enact any internal policy concerning communications between chemists and assistant district attorneys, prior to testing the alleged substances, the City of Boston policy makers, Defendant Mayor and District Attorney, and Commonwealth Defendant Secretary was on notice and had a long history of denying the constitutional, civil and other rights of citizens of the City and Commonwealth, the Commonwealth and City ignored these customs, policies and practices, but in deliberate indifference to the constitutional, civil, and other rights of the citizens of the City of Boston, especially African Americans.

73. For years, Boston Police Department and Police Commissioner and Secretary of Executive Offices of Human and Health Services failed to enact any internal policy concerning communications between chemists and police officers, prior to testing the alleged substances, the City of Boston policy makers, such as Defendant Mayor and Police Commissioner, and Commonwealth Defendant Secretary Bigby was on notice and had a long history of denying the constitutional, civil, and other rights of citizens of the City and Commonwealth, the Commonwealth and City ignored these customs, policies and practices, but in deliberate indifference to the constitutional, civil and other rights of the citizens

of the City of Boston, especially African Americans.

74. Secretary Bigby/Polanowicz, Commissioner Auerbach/ Barlett, Director Nassiff, Director Han and Suffolk District Attorney all failed to train, supervise and monitor their employees concerning existing policies for preserving and producing exculpatory evidence, including evidence contained on Powder Sheets, GS/MS printouts, Control Sheets, Control Cards, Sequence Sheets and Evidence Log Books.

75. Boston Police Commissioner and Suffolk District Attorney have failed to train, supervise and monitor their employees concerning existing policies for preserving and producing exculpatory evidence, including evidence of field test done on samples, police notes by under cover officers, debriefing of undercover (informants/officers), phone calls and regular police notes.

76. On October 9, 2014, a second trial began, the Commonwealth elicited false testimony from the incident, as to the plaintiffs' participation and on the day that Defendant Keenan alleged the plaintiff was the main participant, Defendant Fresca testified how she does only 25 complexed samples at a time, albeit, confounded as to the additional 25 samples taken out on the same day under her name.

77. On October 10, 2014, Director Nassiff, Charles Salemi, Peter Piro, and Elizabeth O'Brien also Annie Dookhan all hid behind the Fifth Amendment and refused to testify as to their employment role at the Hinton Lab during the time the samples were examined.

78. On October 14, 2014 the Plaintiff was acquitted of the charges relevant to this complaint .

79. On August 31, 2015 Plaitniff wrote a ch. 258, § 4 Tort Letter to Secretary John Polanowicz of the Executive Offices of Human and Heath Services, since he is the proper individual pursuant to ch. 6A, § 16, also the City of Boston was presented the same, neither responded.

80. About June 2016 a second presentment was sent to and a letter to Jesse Caplan about July 25, 2016, he is the General Counsel for the Secretary since he wrote and said he was investigating the claim(s), concerning plaintiffs' Dookhan and Farak claims.

81. On rare occasion that defendants have commented, they have simply spoken of the "judicial crisis" to the judicial system instead of the innocent victims whose rights were violated by the Commonwealth.

82. In contrast, when the innocent victims of the dookhan crisis have been non-African Americans, the Defendants have immediately have their cases dismissed and have immediately cited the need for more reforms and have offered their apologies to the non African American victims of the Dookhan cases.

83. The City of Boston Police Department, Commonwealth of Massachusetts Hinto Lab, District Attorney Office, under the leadership of the Defendants, has a well known and documented custom, policy and practice of failing to take reasonable steps to properly train is employees to constitutionally

guaranteed rights of the citizens of the City of Boston.

84. Defendants Mayor, Police Commissioner and the City of Boston have a history of exonerating, officers for allegedly using racial profiling against the city's citizens. Officers in the police department are confident that a reported incident will not result in any displinary proceeding unless its recorded or another officer can verify that it occurred.

85. For years, the racial profiling, framing and beating of African Americans exemplified an insidious, deeply entrenched culture which city officials, including Defendant Mayor and Police Commissioner, have refused to hold officers accountable, embolding city police officers to repeatedly violate the constitutional rights of innocent African Americans.

86. The failure of the Defendant Mayor, Police Commissioner, and City of Boston to properly train the city's police officers, including but not limited to the individually named defendants, constitutes a municipal policy or custom(s) of the City of Boston Police Department and amounts to deliberate indifference to the rights of people with whom the city's police officers come into contact, including, but not limited to the Plaintiffs.

87. The defendants' actions against the plaintiff were part of widespread patterns and practices of the Boston Police Department and its officers.

88. As a direct and proximate cause of the policies, customs and practices of the defendants, the Plaintiff have sustained numerous constitutional deprivations.

## COUNT 1: VIOLATION OF 42 U.S.C. § 1982;
### FOURTH AND FOURTEENTH AMENDMENTS

89. Plaintiff incorporates by reference Paragraphs 1 through 88 of this Complaint, as if fully set forth here.

90. Defendants Mayor, Police Commissioner, and City of Boston implemented and enforced a practice, policy and custom of war on drugs against african americans by massive street sweeps, racial buy/bust operations, home raids, racial profiling, search on sight of blacks and prosecution under draconion federal laws, without legal justification, probable cause, or reasonable suspicion of criminal conduct, as required under the fourth amendment.

91. Plaintiff, Barry Spencer, has suffered violations of his rights under the Fourth Amedment and other rights as incorporated by the Fourteenth Amendment, which were directly and proximately caused by practices, policies and customs implemented, enforced, promoted, and developed by Defendants, as set forth in this complaint.

92. Defendants Mayor, Police Commisiioner, and the city of Boston have acted and omitted to act with callous disregard and deliberate indifference to the Fourth Amendment rights of Plaintiff, Barry Spencer, and as a direct and proximate result of the acts and omissions of the Defendants, the Fourth Amendment rights of the Plaintiff have been violated.

93. As a direct and proximate cause of the acts, conduct and omissions by Defendants, Plaintiff's rights under the United States Constitution were violated, and Plaintiff has

suffered and continues to suffer great pain, including emotional and economic losses.

## COUNT 2: VIOLATION OF 42 U.S.C. § 1983; FAILURE TO TRAIN, SUPERVISE, AUDIT AND DISCIPLINE

94.  Plaintiff incorporates by reference Paragraphs 1 through 93 of this Complaint, as if fully set forth here.

95.  Defendants Mayor, Police Commissioner, and City of Boston have failed to and were deliberate indifferent to the need to properly train, supervise, audit, and discipline all individually named police officers under their command, including in the areas of racial profiling, racial buy/bust operations, home raids (racially motivated), war on drugs directed at African Americans in area also of stop, and frisks implementation and its limitations, racial and minority relations, and limitations on the use of force.

96.  Defendants Mayor, Police Commissioner and City of Boston have failed to and were deliberate indifferent to the need to properly train, supervise, audit and discipline all individually named police officers under their command in areas involving using citizens to violate due process to initiate criminal activity so they can prosecute and the limitations on what is constitutionally permissionable.

97.  As a direct and proximate cause of the acts, conduct and omissions by Defendants, Plaintiff's rights under the United States Constitution were violated, and Plaintiff has suffered and continues to suffer great pain, including emotional and economic loses.

## COUNT 3: VIOLATION OF 42 U.S.C. sec 1983
## FOURTH AND FOURTEENTH AMENDMENTS

98. Plaintiff incorporates by reference Paragraphs 1 through 97 of this Complaint, as if fully set forth here.

99. Defendants Keenan, Dwan, Mahoney, Chu, Ryle, and Lynch while acting under the color of state law and with deliberate indifference to the Plaintiff's rights, in such a manner that shocks the conscience were racially motivated, to violate due process by originating criminal activity, so they can prosecute two african americans in a buy/bust where all the initial evidence was loss, which is their custom, policy, and practice, especially when the case is not predicated upon articulate facts or reasonable suspicion.

100. As a direct and proximate cause of the acts, conduct and omissions by Defendants, Plaintiff's rights under the United States Constitution were violated, and Plaintiff has suffered and continues to suffer great pain, including emotional and economic loses.

## COUNT 4:VIOLATION OF 42 U.S.C. sec. 1983
## FOURTH AND FOURTEENTH AMENDMENTS

101. The Plaintiff incorporates by reference Paragraphs 1 through 100 of this Complaint, as if fully set forth here.

102. Defendants' Dwan, Keenan, Lynch, Ryle, Mahoney, Chu, and Suffolk County District Attorney while acting under the color of state law, engaged in malicious prosecution when he willfully and purposefully sought the Suffolk Superior Court indictment without probable cause for the charges, knowing their actions to be wrong and unlawful, and where the prose-

35

cution ultimately terminated in the Plaintiff's favor.

103. As a derect result of this conduct, plaintiff suffered
the damages previously described.

### COUNT 5: VIOLATION OF 42 U.S.C. sec. 1983
### FIFTH AND FOURTEENTH AMENDMENTS

104. Plaintiff incorporates by reference Paragraphs 1
through 103 of this Complaint, as if fully set forth here.

105. Defendants Dookhan and Fresca while acting under color
of state law with deliberate indifference to Plaintiff's
rights, and/or in such a manner as shocks the conscience,
tampered with the alleged substance and falsified the certi-
fication introduced to the grand jury in support of the prob-
able cause, which certificate was to be introduced at further
official proceedings including trial, with the purpose of
impairing the verity of the substance and/or preparing the
certification knowing it to be false and misleading the
grand jury and other public officials engaged in the pro-
ceedings.

106. As a direct and proximate result of this conduct,
Plaintiff has suffered the damages previously described.

### COUNT 6: VIOLATION OF 42 U.S.C. sec 1983
### FIFTH AND FOURTEENTH AMENDMENTS

107. The Plaintiff incorporates by reference Paragraphs 1
through 106 of this Complaint, as if fully set forth here.

108. The Defendant Dookhan, while acting under color of law
with deliberate indifference to Plaintiff's rights, and/or
in such a manner that shocks the conscience, intentionally

falsified the educational experience on her curriculum vitae, a document which was to be introduced at official proceedings including trial, knowing the information to be false and with the intent of misleading the Court and other public officials engaged in the proceedings.

109. As a direct and proximate result of this conduct, Plaintiff has suffered the damage previously described.

### COUNT 7: VIOLATION OF 42 U.S.C. § 1983
### FIFTH AND FOURTEENTH AMENDMENTS

110. The Plaintiff incorporates by reference Paragraphs 1 through 109 of this Complaint, as if fully set forth here.

111. Defendants Dwan, Keenan, Lynch, Mahoney, Chu, Ryle, Han, Salemi, O'Brien, Piro, Dookhan, Fresca, Director Nassif, Secretary Bigby, Commissioners Auerbach, Commissioner Evans, Mayor Walsh the Commonwealth and City while acting under the color of state law, and with deliberate indifference to the Plaintiff's rights, and/or in such a manner that shocks the conscience, failed to provide exculpatory evidence to the prosecutor of Suffolk County prior to the 2007 trial and before the second trial in 2014, such evidence including the phone tip (that was lost), the field test (that were lost) the additional lab test done on the samples since the lab samples were on two different sign out sheets, police notes, debriefing notes of informents in case, and further between the police and chemist defendants someone intentionally framed the plaintiff by fabrication of evidence, knowing the evidence to be false and with the intent of misleading the jurors and public officials engaged in the proceedings,

Keenan was the originator of the plan, and Dookhan's misconduct worked in concert with their acts.

112. Defendants Mayor, Secretary, Directors, and Commissioners acts and omissions constituted a custom, practice and policy of deliberate indifference to the Plaintiff's constitutional rights by their employees as previously described in counts 1, 2, 3, 4, 5, and 6.

113. As a direct and proximate result of this conduct, Plaintiff suffered the damages previously described.

### COUNT 8: VIOLATION OF 42 U.S.C. § 1983
### FIFTH AND FOURTEENTH AMENDMENTS

114. The Plaintiff incorporates by reference Paragraphs 1 through 113 of this Complaint, as if fully set forth here.

115. Defendants Bigby/Polanowicz, Auerbach/Barlett, Nassif, Han, Salemi, O'Brien, and Piro, acting under the color of state law, and directly responsible for the policies, practices, and customs of the Hinton Lab employees, and for the supervision and training of their employee chemists, were so culpable through their acts and omissions as to constitute authorization of, and acquiescence in, the unlawful conduct of defendant Dookhan.

116. Defendants Bigby, Auerbach, Nassif, Salemi, O'Brien, Han, and Piro's acts and omissions constituted a custom, practice, and policy of deliberate indifference to the Plaintiff's constitutional rights as previously described in Counts 1, 2, 3, 4, 5, 6, and 7.

117. As direct and proximate result of this conduct, plaintiff suffered the damages previously described.

## COUNT 9: VIOLATION OF 42 U.S.C. § 1983
### FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS

118. Plaintiff incorporates by reference Paragraphs 1 throuhg
117 of this Complaint, as if fully set forth here.

119. Defendant District Attorney and Suffolk County District
Attorney's Office acts and omissions, prior to both the 2007
and 2014 trials of certain evidence that was allegedly loss
by police i.e. tip phone call (which began investigation),
police notes, debriefing notes, field test, informant notes,
and other evidence, including but not limited to only police
evidence, chemist reports are missing and the failure to
train on these issues, all constituted a custom, practice,
and policy of deliberate indifference to Plaintiff's constitu-
tional rights as previously described in counts 1, 2, 3, 4,
5, 6, 7, and 8.

120. As a direct and proximate result of this conduct,
Plaintiff suffered the damage previous described.

## COUNT 10: VIOLATION OF M. G. L. ch. 12, § 11I

121. Plaintiff incorporates by reference Parpgraphs 1 through
120 of this Complaint, as if fully set forth here.

122. By the actions described in paagraphs 1 through 121,
Defendants Dwan, Keenan, Lyanch, Ryle, Mahoney, Chu, Dookhan,
Fresca, Piro, O'Brien, Salemi, Director Hinton lab, Director
DPHDAC, Commissioner DPH, Police Commissioner, Secretary EOHHS,
City of Boston, and Mayor deprived the Plaintiff of his civil
rights, secured by the constitutions of the United States and
the Commonwealth of Massachusetts, through the use of threats,

intimidation, and coercion, in violation of M. l. c. 12, § 11I

WHEREFORE, the Plaintiff request that this Honorable Court:

1.   Award compensatory damages against all the Defendants jointly or severally;

2.   Award punitive damages against all Defendants;

3.   Award the cost of this action, including reasonable attorney fees.

### JURY DEMAND

Pursuant to Rule 38 (b) of the Rules of Civil Procedure the Plaintiff hereby demands a jury trial for all triable issues.

/s/Barry Spencer   II
Barry Spencer
NCI Shirley
PO Box 1218
Shirley, MA. 01464

I HEREBY ATTEST AND CERTIFY ON
___Oct. 24, 2016___, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

LETTER OF PRESENTATION OF A CLAIM

Pusuant To G.L.ch. 258, § 4

Presented to:   His Excellency, Duval Patrick

Governor of the State of Massachusetts
certified mail number 7011 0110 0001 3785 9565

His Honorable, Thomas Menino

City of Boston, Massachusetts

Suffolk County
certified mail number 7011 0110 0001 3785 9572

Gentalmen,

As a prerequisite to commencement to a civil action,
pursuant to your statutory requirements of G.L. ch 258,
§ 4, of the Massachusetts Tort Claim Act; I, hereby
address you both as Public Employer and Excutive Officer,
see 394 Mass 186, 1985 Mass LEXIS 1374, Being the official
who has the authority to settle a claim before suit is
instituted, you hold the overall financial and budgetary
responsibility for those agencies and departments herein
mentioned. Weaver v Commonwealth, 387 Mass 43, 47 48.


You must abide by the law of the Rules of Civil
Procedure Rule 9(c) either deny the claims allegations
presentment 'specificially and particularity' or move
pursuant to G.L. ch. 258, § 5, for Arbitration, Compromise,

settlement and or release of claims.

The Massachusetts Tort Claims Act presentment require-
ment is justified because it (1) enables Government units
to investigate promptly alleged incident to facilitate
immediate assessment of liability, because fraudulent
and meritless claims are harder to detect when time is
allowed to elapse; (2) protects against cost of needless
litigation by increasing likelihood of early adjustment
of disputes and out of court settlements; (3) prevents
failure or future accidents and expenses by establishing
and enabling governmental unit to make necessary repairs
to improve procedures; and (4) it aids municipalities
in determining future taxes and planning budgets.
McGrath v Stanley (1986) 1986 Mass LEXIS 1349.

First of all it is to be believed there is a fair
and unbias system of rules, with checks and balances
in the Federal Government and the Several States,
especially Massachusetts Court rooms. I OBJECT, to the
articificial and mainly false dichotomy that politicions,
Judges, and Prosecution and Defense Lawyers, in the
political criminal court arena places between state
Plaintiffs and citizen Defendants. The Most favorate
quoted rhetoric is the "common law principle, ignorance
of the law is not a defense before a bar of Justice".

However in paramount consideration, if the court

-2-

police and prosecutors, and now Anne Dookhan and the rest of the William A. Hinton State Drug lab whose private and public proclivites are well known in the State, are scrutinized, the disproportionate repertoire is conclusive.

The Boston Police Officers of Area A-1, Dwan, Chu, Lynch, Keenan, Mahoney, Unknown others; Anne Dookhan, Unknown other State Lab Chemist Technicians; Suffolk County Prosecutors Young, Callihan, Others Unknown in Prosecutor's Office; Even some Judges of Superior Court conspired and shared a particular ideological stance, catitonic as it may seem, but they rigorously violated, breached& hindered Barry-Henry: Spencer Junior's State and Federal Constitutional and Civil Rights, resulting in two wrongful convictions.

The results were all equivocal these individuals separately or collectively were desirous of removing any obstacle to allow any Constitutional or Civil Rights afforded Spencer, and that this resulted in a wrongful conviction, even to the point of having him place his 5th Amendment Right in jeopardy, under coercion, duress, and intimidation.

The confluence of events in the two wrongful Convictions are as follow:

SUCR2004-10017             Commonwealth v Barry Spencer
Suffolk Superior Court

1.    Boston City Police Officers Sgt. Dwan, Keenan,
Chu, Mahoney and other unknown officers, conspired against
the right of citizens, and sovereigns of Massachusetts
under the guise of posing as drug addicts wanting to
purchase narcotics to arrest for violation of the statutory
provisions for distribution.

2.    This entrapment was predicated upon condescending
innocuous questions upon those who frequent the Theater
District, who are mostly City of Boston Homeless, to
precure drugs to justify drug sales

3.    Undercover officer Keenan currupt the acquisition
process, he was acting catitonic and spontaneous, with a
dangerous aggressive manner with a pernicious line of
questioning/interrogation about drugs (where to get some?;
How he's been robbed, can I help). I tried to get away
from him he followed me, badgered me, all the while inticing
me to purchase drugs for him and me to use.

4.    Having empathy for him, we came to a conclusion
of sharing each other and hang out, basicly a particular
ideological stance, however Keenan snatched the alleged
from my hand and ran off.

5.    I was tackled, head first into the ice bank, I felt a
knee was upon my head and in my lower back (I was just in a
car accident five months earlier with numerous fractures)
I was drag around causing my pants to rip and belt to
break, my hand and arms twisted just plain ole fashion
Boston Police treatment unnecessary and excessive force.

6.    The ironic part is I ("Spencer") did not agree to
any drug sale, in any way pertaining to what the statute

-4-

entails, however, Spencer was arrested for violation
of that statute, under a post hoc fabrication of probable
cause disguised as testilying.

7.    Boston Police Officer Dwan or some other unknown
Officer sent the alleged substance, to the William A.
Hinton State Drug Lab for analysis by Chemist technicians,
the alleged substance returned as positive.

8.    However, unbeknown to Spencer, Anne Dookhan,
possibly her Supervisors and co-Worker were inadequately
trained, and usurp the the whole due process of the
procedures vociferously, basicly they were desirous
of removal of any obsticle allowing constitutional and
civil rights, departmental due process and equal pro-
tection of the law.

9.    The Suffolk Superior Court Justices allowed the
Boston Police Officers to testify for the Suffolk County
prosecutor, at suppression and dismissal,heabings, albiet,
police admitted to instigating criminal activity in
order to buy-bust, and perjured themself with a story that
should of sounded suspicious to the trained ear, with
patterns of coincidences that are possible, but highly
unlikely; it seemed as if the Judges had a predisposition
that Spencer was guilty, and needed to be punished.

10.    Judges felt that the police testimony carried
more weight then Spencer's, and the prosecutors felt
the same way simply because they are Police Officers
who are not more that likely not to lie, and they would
have no motive to lie (unless any evidence was illegally
obtained in an illegal stop and search in violated in
the 4th Amendment).

11.    During the trail A.D.A. Young armed with the
Police Officers testilying, several corroborating
witnesses from the Police Department to support the

testilying and the certificate from the State Lab, thus, intentionally initiated and maintained a malicious prosecution of Spencer.

12. A.D.A. Young manipulated the facts, making a cohesive and flattering picture of the facts, attenuated by reproduction which does not negate the magnitude of such violations herein mentioned.

13. Arnold Cohen was fired as my appointed counsel pursuant to Masters 53 Rule of Court, albeit, he was forced upon me as Stand-by counsel, in violation of my 6th Amendment right; Even though in a assistent role he attempted to hinder the case at every phase, even change court dates without my permission. He actually argued with me about the case and lied several times about the issues of law.

14. When I was incarcerated for more than a two year period and my enthusiasm for the regime of criminal court abated, I asked A.D.A. Young let's just end this case I'll plead guilty to possession, but it was her contention (and the Officers) that all coincidences of any sort, presented by her co-workers, most particularly those which happened in ways and times inconvenient to any criminal defendant/plaintiff.

15. Any and every attempt made to attack the credibility of State witness Boston Police Officers, either by motion or on cross examination in hearings and trial was dismissed as rhetoric rantings.

16. The Trial Judge was more or less like the suppression Judges (See #9), she fostered the police's post hoc probable cause testimony and encouraged the prosecutor at each step in the process in both direct or indirect ways.

17.   The Judge purposefully ignored the law to protect evidence from being suppressed, knowingly accepting police perjury as truthful.

18.   Spencer was forced, compelled even to violate his own 5th Amendment Constitutional provision, in order not to have the Jury accede to the army of post hoc probable cause and the state lab technicians illegal certificates.

19.   Spencer's truth was potentially a more formidable adversary than City of Boston Police and Suffolk County Prosecutors appreciated, so he took decisive action in the difficult circumstance.

20.   The Judge said she did not believe that there was any real evidence of drug sales, moreso, drug addiction, yet in still she did not allow the Motion for a direct finding of Not Guilty at the rest of the Commonwealth Suffolk County prosecutor case.

21.   She (Judge) decided to charge the Jury with a lesser included offense of Possession.

22.   Spencer ("I") Objected vociferously under the all or nothing Argument, Prosecutor agree with me, but the Judge refused.

23.   The Jury found Spencer not gulity of Distribution of Cocaine, but guilty of Possession.

24...   The Judge then sentenced Spencer to one year house of correction, then she looked at the record to tally the jail credit, she was furious when she saw I sat more than two years on this case.

25.   Since I was sentenced to one year I spent more than my required time in jail so I motioned the Judge to compensate me for the excess time in jail she never ruled on the matter. I was held in Suffolk County Jail and the Department of Correction for a year plus over my sentence.

26.   Spencer appealed the all or nothing defense, the appeals court affirmed the judgement.

27.   Now with the state lab scandel and the personal proclivities of Anne Dookhan this Judgement can not stand and is illegal, and should be expunged from Spencer's probation and criminal record.

Case 2

SUCR2006                    Commonwealth v Barry Spencer
Suffolk Superior Court

1.    Same as # 1 in Case 1

2.    Allegedly a citizen Kathy Parker called Boston
Police Department, alleging a complaint that "a black
male and black female has entered her apt at 25 Charles St.
Boston, MA  and are selling drugs and will not leave,"
albiet, there was no evidence of the activity.

3.    Boston Police Officer Keenan and this team, asked
Parker if he could sell these individuals drugs so he
can arrest them, she agreed voluntary or under coercion,
intimidation and threats.

4.    Parker began asking Barry Spencer ("Spencer") and
his friend ("Miss") to obtain a score for her friend
("Keenan") cause he can not get any drug where he's from,
she was insistent, badgering, threats of not letting
us in to sleep over knowing we were homeless.

5.    Spencer and Miss objected vociferously, cause they
didn't sell drugs, Parker made an ultimatum to get her
friend (Keenan) some stuff or don't come back.

6.    Parker's emphatical manipulation was guided by
Boston Police Officers, to deprive Spencer and Miss of
their constitutional rights without due process.

7.    Believing everyone was addicts, just wanting to
party sharing a particular ideological stance, having
empathy Miss assisted Keenan by way of Parker.

8.    This act became the first of many post hoc probable
cause fabrications under the buy-bust theory, several
times Miss interacted in this capacity unknowingly being
used, fooled and cajoled trying to help a friend.

8.    Same as #7 in Case 1
9.    Same as #8 in Case 1

10. In violation of the Constitution State and federal, one of the Boston Police co-conspirers Officer Lynch went to Boston Municipal Court in an Judge or Magistrate session and applied for a warrant, he actually provided testimony for what another officer (Keenan) said, did, smell, saw, and observations, Lynch currupted the whole process, thus, rendering the warrant inactive.

11. No drugs or money was ever exchanged between Spencer and any person, just mere presence (is not a crime), albeit, Spencer was charged with a joint venture theory as if, he participated in the act.

12. Same as # 9 of Case 1

13. Same as #10 of Case 1

14. Same as #11 of Case 1

15. Same as #12 of Case 1

16. Same as #13 of Case 1

17. I was appointed Jeane Carol as appointed Counsel pursuant to Masters 53 Rule 53 of Court, she did nothing for several months, her belief in defense was a plea.

18. I asked Carol if she would handle a car accident for me, she declined, however, she told me I could fire her as a public attorney and hire her for $10,000 and she'll give my case her undivided attention; she never explained the difference buy she withdrew from the case.

19. I was again forced to go Pro se due to the actions of court appointed attorneys, there were no 6th Amendment Constitutional protects.

20. It seemed, as if, the Judges were protecting the the actions of the two prior attorney, and just before trial decide to appoint stand-by counsel John Wood.

21. same as #14 of Case 1

22.   Same as #15 of Case 1

23.   Same as #16 of Case 1

24.   Same as #17 of Case 1 and #10 of Case 2

25.   Spencer was found guilty of Distribution and of the subsequent offense.

26.   Spencer appealed and the case was overturned due to constitutional breaches.

27.   Same as #27 of Case 1

Paramount Considerations:

1.    Whether race, homelessness, and geographical bias played a role in the criminal prosecution of Spencer (and possibaly a class of persons)?

2.    Whether the Boston Police Department targeted a specific class of people, in order to clean out the Downtown theater district?

3.    Whether the City of Boston and the Commonwealth of Massachusetts failed its mentally handicapped homeless people, with drug addictions?

4.    Whether the City of Boston and the Commonwealth failed its homeless mentally ill citizens by allowing police officers and Suffolk prosecutors to overcharge individuals in order to incarcerate instead of giving them help?

5.    Whether Boston Police officers, Suffolk Prosecutors and Court Officers were properly trained to deal with people with alleged mental illness from prolong use of drugs?

6.    Whether Boston Police officers, Suffolk County Prosecutors Anne Dookhan, State Lab employees and others were properly trained, and that lack of training was the resulting factor in deprivation of Spencer's Civil and Constitutional Provisions?

7.    Whether Anne Dookhan and other State Lab chemist technicians possessed the proper credential to adequately proform their job requirements?

8.    Whether Boston Police Officers conspired in disguise

with the intention to prevent or hinder Spencer's free
exercise and enjoyment of any right?

9.    Whether if Spencer's personal proclivites would
of been made public, if it were not for the illegal acts
of the Boston Police officers?

10.    Whether Boston Police Officers fabricated evidence
and withheld exculpatory evidence, to create post hoc
probable cause in both cases?

11.    Whether Boston Police officers, Anne Dookhan, Suffolk
County prosecutors and any and all others did willfully,
with specific intent, and or recklessly deprive Spencer
of Constitutional Rights, or, Civil Rights, or, Federal
and State Laws, or, by decisions interpreting them, under
the color of law? or, not under the color of law?

12.    Whether the deprivation of Rights (42 USCS   1983)
also under the color of law deprivation (18 USC   242),
caused wrongful conviction, or, unlawful imprisonment
in SUCR2004-10017 and SUCR2006-10731, by each person
individually and or collectively?

13.    Whether the Suffolk County assistant prosecutor
and all superiors in the office, is responsible for
deprivation of rights under the color of law, under
42 USCS  1983 and 18 USC  241 and  242, being the presenter
of the case?

14.    Whether Boston Police Officers committed assult
and battery by means of unnecessary and excessive force
upon Spencer's person in cases SUCR2004-100017 and SUCR
2011-400300 and recent a case out of West Roxbury
1206CR00289 (note the West Roxbury case with be sent
in a separate 258 Tort Letter).

15.   Whether Anne Dookhan, Boston Police Officers, Suffolk County prosecutors individually or collectively conspired against a class of people?

16.   Whether Boston Police Officers illegally fabricates post hoc probable cause to make an arrest?

17.   Whether Judges are as a paramount consideration just as responsible for the conspired acts against Spencer's Constitutional Rights and Civil Rights by allowing the intentional infliction of emotional duress and physical restraint in violation of the established law?

These acts of all are not shielded from liability for their constitutionally impermissible acts, be their acts violated clearly established statutory or constitutional rights which a reasonable person would have known. Harlow v Fitzgerald, 457 US 800, 818

In the interest of a speedy and efficient disposition
of said claim, I hereby settle said claim(s) in full
and release the Commonwealth and Suffolk County, and
all of their employees, servants, and agents of all
liability arising from these claims and SUCR2011-1004003
SUCR2011-1004003 (after both are expunged from my record)
in consideration of the receipt of:

1.    I will accept $7,665,000.00 US Dollars for the
6 year of incarceration, in a wrongful conviction. Notibly,
$3,500 per day not counting the madness that goes along
with it, and the duress...loss of family mem.ers, missed
quality time with family, ect.

2.    I would expect my whole record expunged, clean
slate.

    I am open to suggestions because in no way do I
want to hurt the State of Massachusetts, nor its employees,
helpers, servants, or aids, albiet, I must protect my
interest.



                          Barry-Henry: Spencer Junior
                          barryspencerjr55@aol.com
                          illegally held OCCC
                          1 Administration Road
                          Bridgewater, MA 02324

                              Resident Address
                              14 Weaver Court
                              Roxbury, MA 02119
                              Non-Domestic

                    -15-

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _Wayne_  ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )  C. Date of Delivery
_Dora L. Acosta_

1. Article Addressed to:

John Polanowicz,
Secretary
Executive Office of
Health & Human Services
One Ashburton Pl, 11th Fl
Boston MA 02108

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (Transfer from s...)   7013 1090 0000 4976 6632

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1840

**BRIDGEWATER COMPLEX CHARGE SLIP**

CIRCLE ONE:   BSH   MTC   MIN   (OCCC)

CHARGE $ _0.70_                    DATE: _7/12/15_
                                         _7/16_

INMATE NAME _Barry Spencer_

COMM # _A12682_

PAYABLE TO: _Marl_   **PAID**   TO THE ACCOUNT OF

FOR: _Certified Mail John Polanowicz_
_Secretary Executive_
_Office of Health & Human Services_

INMATES SIGNATURE: _Barry Spencer_

INMATE'S ACCOUNTS
Docket #1 BRIDGEWATER
BRIDGEWATER MA

APPROVED BY: _Cerilll_

CK # _7013109000004976632_   DATE PAID



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

TEL: (617) 727-2200
www.mass.gov/ago

February 18, 2015

Barry Spencer, A121687
Old Colony Correctional Center
1 Administrative Road
Bridgewater, MA 02324

Dear Mr. Spencer:

We are in receipt of your ten Presentment Claim Forms dated January 16, 2015. Upon review of the documentation you included with the Forms, I note that nine of the claims were either previously submitted to, or forwarded to, the Executive Office of Public Safety & Security and that they responded to all nine of those claims in letters addressed to you at the above-referenced location.

With respect to the only remaining claim form, which references a claim against the Boston Police and State Lab Hinton and for which you provided an incident date of May 26, 2006, that claim is not presented in accordance with the provisions of Massachusetts General Laws c.258. The incident date is well outside the statute of limitations.

Please contact me if you have any question regarding this matter.

Sincerely,

Ellen Tierney
Administrative Assistant

Barry Spencer II
Illegally Held A121687
1 Administration Road
Bridgewater, MA 02324

Kaitlyn Dwyer,
Presentment Coordinator
Office of the Attorney General
One Ashburton Place
Boston, MA 02108

RE: Status of Presentment On Three Annie Dookhan Case
and Unconstitutional Conviction

Dear Coordinator Dwyer,

Back in January of last year I sent this office a pre-
sentment for the above captioned, and copies to the Offices
of the Governor and Mayor of the City of Boston, also
a copy to their Chief Legal Counsels Sonnett and Reilly,
Cert. Mail No. 7011 0110 0001 3785 9596 and 7011 0110
0001 3785 9572. To this day I never received an answer
to the presentment, due to never receiving a yea or nay
I moved by suit in the State No. SUCV2013-02122 and the
Federal Case no. 1:13-cv-11431-DJC(notibly, you have not
answered the Federal case.

I am attempting to come to terms with all this,
and again I let it be known that the compromise of me being
incarcerated is not working, the officers in these cases
assulted me, thus a pattern of their illegal acts, and
the prosecution will not allow me a trial and with all
the cases in the Supreme Judicial Court over the State
Lab, who wants a trial if the court deems the eveidence
illegal by the break in the chain of custody, needless
to say the public attorneys were ineffective, see the cases
SUCR2006-10731 and SUCR2011-40010.

Shall we continue to waste tax payer money fighting a loosing battle, 2006-10731 already ended in one unconstitutional conviction, shall we try for three more?

Again its up to Your office to evaluate the cases I present and decide whether we continue to compromise by the Government telling me what to do while it is Liable to Me, or we negotiate? and decide to come to some terms that is benefitual to us all.

Sincerely,

Barry Spencer II



MAURA HEALEY
ATTORNEY GENERAL

THE COMMONWEALTH OF MASSACHUSETTS

OFFICE OF THE ATTORNEY GENERAL

ONE ASHBURTON PLACE

BOSTON, MASSACHUSETTS 02108

TEL: (617) 727-2200
www.mass.gov/ago

February 11, 2016

Nancy A. White, Esq.
General Counsel
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110-1300

Re:    Claimant:   Barry H. Spencer II
        Date of Incident:  12/14/2015
        Date of Letter:  02/03/2016

Dear Attorney White:

    Pursuant to M.G.L. c. 258, § 4, I am forwarding for your review and investigation the enclosed letter referenced above which was received in this office on 02/09/2016.

    In forwarding this letter, we make no determination as to whether this is a proper presentment under Chapter 258. Thank you for your cooperation in this matter.

Sincerely,

Matthew McGann
(617) 963-2054

Enc.
cc:
Barry H. Spencer II
1 Administration Rd.
Bridgewater, MA 02324

Barry Spencer II
1 Administration Road
Bridgewater, MA 02324

August 31, 2015

John Polanowicz, Secretary
Executive Office of
Health and Human Services
One Ashburton Pl., 11th Floor
Boston, MA 02108

RE: Letter of Presentment of Unconstitutional Conviction of
Innocent Man Due To Tainted Hinton Laboratory Chemist
Certificate and Inept and Bundling Training, Supervision
and Monitoring of Management and Chemist

Dear Secretary Polanwicz,

In lieu of being found Not Guilty on October 14, 2014 in
Commonwealth v Barry Spencer, No. SUCR2006-10731 in a multiple
Joinder of offense indictment, offenses # 005 (see annexed BPD
Incident Report Complaint no. 060277325), I present you pursuant
to ch. 6A, § 16 as the proper individual my ch. 258 presentment
must be sent for evaluation, and investigation of my claim to
facilitate immediate assessment of liability, in order to pro-
tect against the cost of needless litigation by increasing the
likelihood adjustment of disputes and out-of-court settlements,
as presentment requirement is ment to ensure. McGrath v. Stanley,
397 Mass 775, 779 (1986).

Basicly, the trial in this case proved what I stated all
along, the samples were tainted. Prior to this trial the A.D.A
Barbara Young or Callihan put in a "Priority Order" for testing
of the samples in this case and and unrelated case Commonwealth
V Barry Spencer, No. SUCR2004-10017.(Sonja Farak was the chemist
in that case it is presently under appeal). However, the order
was never turned over in discovery and its unclear if Dookhan
spoken to, or taken the order for the "rush".

At the trial in SUCR2006-10731 Annie Dookhan, Linda Han,
Julianne Nassif, Charles Salemi, Peter Piro and Elizebeth O'brien
all plead the 5th and did not testify, but Daniella Freasca did
as to her participation in the alleged examination of sample
No. 773385 ( see annexed Hintion Laboratory Certification).

1

During her testimony she stated she only tests 25 samples at a time, however, on that day there were 2 sets of 25 samples of 25, equaling 50 samples which she could not explain. Also the Powder Sheets she alleged to only had touched and filled in had Annie Dookhan's Signature on them, with other handwritting inconsistancies albeit she became argumentive it was her work. She lyed. The incessant ineradicable taint of the work was obvious enough the Commonwealth refused to use the Certificate No. 773385, thus did not meet its burden.

My complaint goes against the Management upper levels, not training, supervising and monitoring lower level management personal form the Secretary of Executive Office of Health and Human Services, JudyAnn Bigby, to Commissioner of Department of Public Health, John Auerbach, to Director of Department of Public Health in charge of the Division of Analytical Chemistry to Director of Hinton Laboratory, Linda Han to Supervisor of Operation of the Hinton Laboratory, Charles Salemi, to Supervisor of Evidence Office, Elizabeth O'Brien to Technical Supervisor of the Hinton Laboratory, Peter Piro; Their inept and budling performance led to mismanagement, training, supervision and monitoring of Chemist.

The State Laboratory Employees from Chemist to Management was the proximate cause in malicious prosecution by willfully and purposefully provided a Drug Cerificate No. 773385 that was based upon tainted mishandling of a sample by Annie Dookhan, that was attempted to be covered up by her laboratory partner Dainella Fresca. This certificate was used to seek and Indictment without probable cause against Spencer on the May 26, 2006 incident where the substance was not a controlled substance.

The State Laboratory Employees from Chemist to Management were deliberate indifferent to Spencer's rights in a manner that shocks the conscience, tapered with the alleged substance falsified the certification introduced to the grand jury in support of probable cause, which certificate was introduced

2

at the first trial, with the purpose of impairing the verity of
the substance and or preparing the certification knowing it to
be false and misleading the grand jury and other public officials
engaged in the proceedings.

The Management and Chemist with deliberate indifference to
Spencer's rights in such a manner that shocks the conscience,
intentionally failed to provide Exculpatory evidence to the
Prosecutor during the pendency of the prosecution, such evidence
including the inital control sheets, back sides of the control
card, Podwer Sheets, the printout of the initial GC/MS Test
Results, ect. prior to the first trial on April 17, 2007, and
not even after the reversal in August 10, 2010, until forced
by the Court, by the Hinton Laboratory State Review.

The Upper Management, then lower were directly responsible
for the policies, practices and customs of the Hinton Laboratory
for All Employees (Management, Supervisors, Chemists, ect. . .)
and for the supervision and training of their employees, were
so culpable through their acts and omissions as to constitute
authorization of, and acquiescence in the unlawful conduct of
its Management and Chemist (Annie Dookhan, Daniella Fresca, ect)
. These issues were consistent with the interview of the
Hinton employees by the state police and are further complaints
of Spencer, as follos:

A. Dookhan forged other chemists' and evidence officers' initials in an unknown
   number of instances, including on Quality Assurance and Quality Control
   documents. She ignored lab procedures by loading and running her own samples
   on the GC/MS.

B. Dookhan failed to properly run QC/QA test samples, instead purposefully making
   up test result numbers on the "Quality Control Daily Injector Test" on the GC/MS.

C. Dookhan maintained a level of production of test results that concerned supervisors
   and co-workers, often analyzing more samples in a week than they did in a month.
   She was submitting racks upon racks of sample vials to the confirmatory chemists,

3

and leaving many samples out on her bench top.

D. Dookhan exhibited a pattern of failing basic laboratory procedures , including documentation issues, failing to calibrate balances, and having a work space filled with numerous vials open to cross contamination.

E. O'Brien allowed Dookhan access to the evidence office computers in order to enter and look up data even after she was suspended from lab duties.

F. Dookhan engaged in the practice of "dry labbing," looking at the samples instead of testing them with the presumptive testing. Dookhan was not using the proper method of inspecting slides prepared for a microscope. This resulted in an unknown number of samples coming back as heroin when Dookhan had supposedly tested it and found it to be cocaine and vice versa. Dookhan would then alter these samples so that they would come out the way she wanted.

G. Dookhan was contacted directly by ADAs and police officers about specific samples, which she would then "pull" for analysis, even out of order, despite lab policies forbidding both this contact and action.

H. Dookhan accessed the lab numerous times while suspended and also many times without any supervision of the evidence room.

I. Dookhan had a key and unfettered access to the evidence room and safe.

J. The Laboratory had a culture of lax oversight, as many issues with Dookhan were allowed to continue for years, even having her responsible for training and for some QA/QC procedures.

K. Numerous lab personnel expressed concerns with Dookhan's workload, documentation errors, blatant forgeries, and questionable test results, but no action was taken.

L. In 2010, Dookhan's work was audited due to concerns about her workload. However, samples were not retested. Rather, it appears paperwork was simply reviewed.

M. The Department of Public Health did not retain records when a sample was resubmitted and retested; the number of any retests was not tracked or audited in any manner.

N. The laboratory evidence room and evidence safe were accessible to an unknown amount of chemists and employees of the laboratory.

O. The procedures to restrict access to the evidence room were ignored and circumvented. The safe was found open and unattended, was left propped open when it was "busy," and was accessible by codes and keys that had not been changed in over a decade.

P. An unknown number of chemists had keys to the safe.

Q. The palm reader access point to the evidence room was not recording those who entered, or that information was not preserved properly, or was destroyed, and as of the date of this complaint the State Police Investigation has not uncovered any records of access to the evidence room via the palm reader.

R. In June 2011, Han and Nassif discovered Annie Dookhan had breached protocol and removed 90 samples from the evidence room without authorization.

S. Han and Nassif did not properly investigate the specific breach of protocol, her workload, her results, and/or her general lack of adherence to protocol. They also failed to make written findings of her resubmittals or other QC/QA issues that were recorded.

T. The method of samples being checked in and out suffered from lack of oversight, as whole sets of numbers could be pulled by Dookhan without anyone noticing.

U. The evidence officer or officers had a pattern of laxity when it came to tracking samples and access to the evidence room and safe, computer terminals, and written logbooks.

V. On or around December 2011, when it was clear that an unknown number of keys opened the safe, Auerbach began an investigation into Dookhan.

W. Shirley Sprague, who worked in the evidence office, claims Salemi started checking keys, and perhaps switching them out.

X. Salemi claims that Nassiff said she was checking keys for Dookhan and a few others, but no plan to check every key was made and take an inventory of who had keys to the evidence room.

Y. The Hinton lab did not appear to adhere to any safeguards or policies to prevent assistant district attorneys and police officers from contacting a specific chemist about a specific case or cases.

Z. Annie Dookhan lied about receiving a Master's Degree in Chemistry from University of Massachusetts as listed in her resume or curriculum vitae, which she gave to the Assistant District Attorney handling Solomon's case. This false information was used by the District Attorney's Office through the course of discovery in preparation for trial.

Spencer's issues are consistent with Inspector General, Glenn A. Cunha's "Investigation of the Drug Laboratory at the William A. Hinton State Laboratory 2002-2012" March 4, 2014, www.mass.gov/ig. He is not the only individual effected by this epidemic.

I present my claims due to my unconstitutional conviction of an innocent person on this individual issue and I await your assessment of the claims.

Respectfully submitted,

/s/Barry Spencer, II
Barry Spencer II


Cc    file
      Bonnie H. MacLeod, Justice Suffolk Superior Court



*Kathleen M. O'Toole, Commissioner*

## INCIDENT REPORT

ORIGINAL                                                                                            STATUS: UNAPPROVED

| KEY SITUATIONS | | COMPLAINT NO. | RPT DIST. | CAD RA | RPT RA | CLEAR. DIST. |
|---|---|---|---|---|---|---|
| Drugs | | 060277325 | A1 | 066 | 66 | |

| UCR INCIDENT DESCRIPTION | UCR FINAL INCIDENT DESCRIPTION | STATUS | | DATE OCCURRED FROM | DATE OCCURRED TO |
|---|---|---|---|---|---|
| | | | | 05/26/2006 | |

| LOCATION OF INCIDENT | | APT. - | DISPATCH TIME | TIME OCCURRED FROM | TIME OCCURRED TO |
|---|---|---|---|---|---|
| 147 CHARLES ST S | | 2 | | 04:55 PM | |

| NEIGHBORHOOD | TYPE OF BUILDING | PLACE OF ENTRY | WEATHER | LIGHTING |
|---|---|---|---|---|
| BEACON.HILL | | FRONT DOOR | CLOUDY | OUTSIDE - DAY |

| TYPE OF WEAPON-TOOL | SUSPECT MODE OF TRANSPORTATION | VICTIM'S ACTIVITY | SUSPECT RELATIONSHIP TO VICTIM |
|---|---|---|---|
| DRUGS | | | |

| UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR |
|---|
| SEE NARRATIVE |

**PERSONS 1**

| TYPE | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | DOCKET NO. |
|---|---|---|---|---|
| VICTIM | COMM OF MA | | 0 | |

| ALIAS | ADDRESS | GENDER | RACE | DOB | AGE |
|---|---|---|---|---|---|
| | | | | | 0 |

| HEIGHT | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| | | | | |

| OCCUPATION | MARITAL STATUS | CONTACT #1 | CONTACT #2 |
|---|---|---|---|
| | | | |

| SPECIAL CHARACTERISTICS(INCLUDING CLOTHING) |
|---|
| |

**PERSONS 2**

| TYPE | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | DOCKET NO. |
|---|---|---|---|---|
| WITNESS | SGT. DET. DWAN, DET. LYNCH, P.O.'S KEENAN, RYLE, C | | 0 | |

| ALIAS | ADDRESS | GENDER | RACE | DOB | AGE |
|---|---|---|---|---|---|
| | AREA A-1 DCU , MA | | | | 0 |

| HEIGHT | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| | | | | |

| OCCUPATION | MARITAL STATUS | CONTACT #1 | CONTACT #2 |
|---|---|---|---|
| | | | |

| SPECIAL CHARACTERISTICS(INCLUDING CLOTHING) |
|---|
| |

**PERSONS 3**

| TYPE | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | DOCKET NO. |
|---|---|---|---|---|
| OFFENDER | SPENCER,BARRY HENRY | ████████ | 60130910 | |

| ALIAS | ADDRESS | GENDER | RACE | DOB | AGE |
|---|---|---|---|---|---|
| | 0 HOMELESS , BOSTON MA 02121-0000 | MALE | BLACK NON-HISPANIC | ████████ | 36 |

| HEIGHT | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| 5-11 | 200 | HEAVY | BLACK | BROWN |

| OCCUPATION | MARITAL STATUS | CONTACT #1 | CONTACT #2 |
|---|---|---|---|
| | | | |

| SPECIAL CHARACTERISTICS(INCLUDING CLOTHING) |
|---|
| WHITE SHIRT, BLUE JEANS, BLACK BOOTS, BROWN LEATHER JACKET |

**PERSONS 4**

| TYPE | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | DOCKET NO. |
|---|---|---|---|---|
| OFFENDER | YOUNG,FELICIA M | ████████ | 60131010 | |

| ALIAS | ADDRESS | GENDER | RACE | DOB | AGE |
|---|---|---|---|---|---|
| | 250 CAMBRIDGE ST 3, BOSTON MA 02114-0000 | FEMALE | BLACK NON-HISPANIC | ████████ | 32 |

| HEIGHT | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| 5-02 | 130 | SLIM | RED | BROWN |

| OCCUPATION | MARITAL STATUS | CONTACT #1 | CONTACT #2 |
|---|---|---|---|
| | | | |

| SPECIAL CHARACTERISTICS(INCLUDING CLOTHING) |
|---|
| BROWN/RED SHIRT, BLUE JEANS JACKET, BLUE JEANS, BROWN BOOTS |

| STATUS | TYPE OF PROPERTY | SERIAL | BRAND NAME - DESCRIPTION | MODEL | VALUE |
|--------|-----------------|--------|--------------------------|-------|-------|
| P R O P E R T Y | TURNED IN AS EVIDENCE | DRUG / NARCOTICS | | CRACK COCAINE - 5 P/B'S WHITE ROCK | | $0.00 |

**NARRATIVE AND ADDITIONAL INFORMATION:**

About 4:55 PM Friday May 26, 2006 Officers Keenan, Ryle, Chu, Mahoney and Detective Lynch of the Area A-1 Drug Control Unit were conducting an on-going drug investigation at 147 Charles Street under the supervision of Sgt. Det. Wm. Dwan.

Prior to executing Boston Municipal Court Search Warrant # 56 of 2006, Officer Keenan, working in an undercover capacity, went to 147 Charles Street apartment # 2 on the third floor to purchase crack cocaine.

Officer Keenan met with the suspects he knows as "Barry" later identified as Barry Spencer and "Little Bits" or "Bits" later identified as Felicia Younge who were both sitting near the front windows of the apartment at a table. Officer Keenan knew Spencer and Younge from two previous controlled buys of crack cocaine (CC#'s 060273157 & 060275030) at that address.

Spencer asked Officer Keenan how much money he had on him and Officer Keenan said he had $100.00, showing Spencer and Younge $100.00 BPD buy money. Spencer placed five p/b's of white rock believed to be crack cocaine on the table in front of him. Officer Keenan handed Younge $100.00 BPD buy money previously recorded by Sgt. Detective Dwan and watched as she counted the money. Younge then cuffed five p/b's of crack cocaine with her hand and moved them to Officer Keenan. Officer Keenan picked up the five p/b's of white rock believed to be crack cocaine from the table.

Spencer told Officer Keenan that he would give Officer Keenan two rocks for every person the Officer brings back to 147 Charles St #2 to buy crack cocaine.

Officer Keenan then left the building and notified the A-1 Drug Unit Officers of the drug transaction. Sgt. Detective Dwan, Detective Lynch, Officers Chu, Ryle and Mahoney then executed the search warrant at 147 Charles Street apartment #2 placing Spencer and Younge under arrest for three (3) counts of Distribution of Class "B", three (3) counts of Distribution of Class "B" with in 1000 feet of the Beacon Hill Nursery School located on Joy Street to be measured by Detective Lynch, and three (3) counts of conspiracy to violate drug laws.

Spencer was also charged with Distribution of Class "B" 2nd & subsequent offense after his Board of Probation record revealed he was convicted on 11/10/99 out of Suffolk Superior Court for Distribution of Class "B" docket # 9910443001.

Younge was also charged with Distribution of Class "B" 2nd & subsequent offense after her Board of Probation record revealed she was convicted out of B.M.C. on 7/2/96 for Possession of Class "B" with intent to Distribute docket # 9601CR2871.

Officer P. Darosa of the A435F responded to the scene and recovered the $100.00 BPD buy money from Younge's front right pants pocket. The DCU money was returned to circulation.

Drugs were turned over to Sgt. Det. Wm. Dwan and logged into drug control log book # 50 page # 106.

| UNIT ASSIGNED | SHIFT | REPORTING OFFICER'S NAME | REPORTING OFFICER'S ID | PARTNER'S ID |
|---------------|-------|--------------------------|------------------------|--------------|
| V853 | 3 | DONALD F. KEENAN | 10652 | 10804 |

| SPECIAL UNITS NOTIFIED (REPORTING) |
|---|
| Drug Control Unit |

| DATE OF REPORT | TIME COMPLETED | APPROVING SUPERVISOR NAME | APPROVING SUPERVISOR ID |
|----------------|----------------|---------------------------|-------------------------|
| 05/26/2006 | 07:12 PM | N/A | 0 |



# The Commonwealth of Massachusetts
Executive Office of Health and Human Services
Department of Public Health
State Laboratory Institute, 305 South Street
Boston, MA 02130
617-983-6622



Mitt Romney
Governor

Kerry Healey, Lt. Governor

Timothy R. Murphy, Secretary

Paul J. Cote Jr.
Commissioner

DATE RECEIVED: 06/05/2006
DATE ANALYZED: 07/11/2006

NO. 773385
I hereby certify that the substance
Contained in 5 plastic bags                    MARKED: 773385
Submitted by P.O. WM. DONNELLY of the BOSTON POLICE DEPT.

Has been examined with the following results:
The substance was found to contain:
Cocaine, a derivative of Coca leaves, as defined in Chapter 94 C,
Controlled Substance Act, Section 31, Class B.

5 similar items were received and 1 was randomly selected
and analyzed.

NET WEIGHT: 0.10 grams (analyzed item only)

DEFENDANT: SPENCER, BARRY & YOUNGE, FELICIA

ASSISTANT ANALYSTS: Gabriela Frasca        Annie Dookhan

On this 13th day of July, 2006, before me, the undersigned notary public, personally appeared the above signed
subscriber(s), having proved to me through Department of Public Health documentation to be the person(s) whose
name(s) is/are signed on this certificate and to be (an) assistant analyst(s) of the Department of Public Health, and
who swore to me that the contents of this document are truthful and accurate to the best of his/her/their knowledge
and belief.

Elisabeth L. O'Brien
Notary Public
Commonwealth of Massachusetts
My commission expires on
November 24; 2011

Elisabeth L. O'Brien, NOTARY PUBLIC
My commission expires on November 24, 2011

Chapter 111, Section 13 of the General Laws
This certificate shall be sworn to before a Justice of the Peace or Notary Public, and the jurat shall contain a
statement that the subscriber is the analyst or assistant analyst of the department. When properly executed, it shall
be prima facie evidence of the composition, quality, and the net weight of the narcotic or other drug, poison,
medicine, or chemical analyzed, and the court shall take judicial notice of the signature of the analyst or assistant
analyst, and of the fact that he/she is such.

City of Boston
Police Commissioner: William Evans
1 Schroeder Plaza
Roxbury, MA 02120-2014

Barry Spencer Jr
MCI Shirley
P.O. Box 1218
Shirley, MA 01464

Clerk: Maureen E. Feeney
City of Boston
City Hall
One City Hall Square
Boston, MA 02201

June 26, 2016

RE: Presentment Letter Mass. Gen. L. ch. 258, sections
    Spencer v Dookhan, U.S. Dist. 15-cv-13886

Dear Commissioner,

I make this presentment to your as the Public Employer
for your officers: Sgt. Det. Dwan, Det. Lynch, Officers Chu, Ryle,
Mahoney and Keenan, who were out of Area A-1 in May of 2006 when
the arrest occured, for the alleged distribution of an unknown
controlled substance. Mr spencer went to trial and was found
guilty on April 23, 2007. He appealed, however, an uncontested
Motion for New Trial was allowed predicated upon the benefit of
Melendez-Diaz. On October   , 2014 a second trial commenced, he
was found Not guilty of a case, in  a multiple joinder offense
indictment, hence this action.

Mr. Spencer at all times has contested the acts of these
officers, the same team of officers accused him of similar acts
in December 2003, creating a pattern of this behavior, by some of
the same officers.

On May 26, 2006 the officers, sent Keenan, working undercover
to 147 Charles Street Apt. 2, in an attempt to purchase a controlled
substance. Keenan alleged he engaged Mr. Spencer and another per-
son, albeit, at all times prior Keenan "purchases" occurred with
the other person. Spencer placed 5 plastic bags on the table,
allegedly, in front of him. Keenan handed the other person $100
then that person cuffed the 5 plastic bags and moved then to
Keenan. Keenan left the building.

After the seizure of the substance it went to the William
Hinton Laboratory. See annexed Presentment for Secretary of the
Commonwealth: John Polanowicz.                        \

Spencer's Erroneous Feleny–Unconstitutional Conviction lasted from 5/30/ 2006 through August 10, 2010; 1/11/2011 through 10, 2011; 11/21/2012 through 3/12/2013, where jail credit was well over the 1855 Jail Credit the court recognized with the remaining indictments.

Spencer Seeks compensation in the sum of $100,000.00 for the conviction and $549,250.00 for the days incarcerated at the sum of $350.00 per day.

Pursuant to the law that governs 258, I would expect an answer from your office, in order to not muddy the waters with continuation litigation on these matters.

Respectfully submitted,

/s/Barry Spencer, II
Barry Spencer, II

Cc   File

Maura Healey, Attorney General – Presentment Coordinator
Office of the Attorney General, 1 Asburton Pl. Boston 02108

Maureen Feeney, Clerk, City of Boston One City Hall Square
Boston, 02120–2014



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

TEL: (617) 727-2200
www.mass.gov/ago

MAURA HEALEY
ATTORNEY GENERAL

July 12, 2016

Jesse Caplan, Esq.
General Counsel
Executive Office of Health and Human Services
One Ashburton Place, Room 1109
Boston, MA 02108

Re:    Claimant:   Barry Spencer II
       Date of Incident:  unknown
       Date of Letter:   7/6/2016

Dear Attorney Caplan:

Pursuant to M.G.L. c. 258, § 4, I am forwarding for your review and investigation the enclosed letter referenced above which was received in this office on 7/11/2016.

In forwarding this letter, we make no determination as to whether this is a proper presentment under Chapter 258. Thank you for your cooperation in this matter.

Sincerely,

Matthew McGann
Paralegal/Presentment Coordinator
(617) 963-2054

Enc.
cc:
Barry Spencer II
MCI Shirley
P.O. Box 1218
Shirley, MA 01464



CHARLES D. BAKER
Governor

KARYN E. POLITO
Lieutenant Governor

MARYLOU SUDDERS
Secretary

Tel: (617) 573-1600
Fax: (617) 573-1891
www.mass.gov/eohhs

July 18, 2016

Barry Spencer II
MCI Shirley
P.O. Box 1218
Shirley, MA 01464

Re: <u>Barry Spencer II v. DPH</u>

Dear Mr. Spencer:

This letter will confirm that, on July 11, 2016, the Office of the Secretary of Health and Human Services received your claim from the Office of the Attorney General, pursuant to the state tort claims act, G.L. c. 258, and referred your claim to me. During the next several months, we will be reviewing your claim to determine whether a settlement offer is warranted and will notify you promptly of the outcome of our review. Although we expect to respond to your claim well within the six-month presentment period of G.L. c. 258, you should regard your claim as denied if you have not heard from us within the next six months.

In order to conduct the review which your claim warrants, we will need to contact all appropriate state agencies which possess information relevant to your claim. We therefore will assume that we can consider your letter to constitute written consent to the disclosure of personal data, as defined in G.L. c. 66A, between and among this office, the agency in question, the Executive Office for Administration and Finance, and the Office of the Attorney General. Each of these divisions of state government plays a role in the process outlined in G.L. c. 258 and therefore may need access to such information. Please notify us immediately if you do not consent to the exchange of such data.

We would appreciate your providing any further information which would assist us in evaluating your claim. If you have not already provided them, copies of any accident reports, appraisals, medical records, witness statements, and administrative grievance forms which may apply to your claim would be helpful. Any records pertaining to car rental or storage fees relating to a car accident must be forwarded to us as soon as possible to be considered for payment. You should be aware, however, that the Commonwealth does not pay for long-term car rental or storage fees.

If you have any questions regarding this claim please call 617-573-1680.

Sincerely,

Jesse Caplan
General Counsel

JC/raf

Barry Spencer II
P.O. Box 1218
Shirley, MA 01464
July 25, 2016

Jesse Caplan
General Counsel
Executive Office of
Health and Human Services
One Ashburton Place, Room 1109
Boston, MA 02108

RE: Claimant: Barry Spencer
    Barry Spencer v DPH (Dookhan)
    Barry Spencer v DPH (Farak)

Dear Caplan,

I receive your July 18, 2016 letter referencing your offices investigation of my G.L. c. 258, presentment, just so we are on the same page, your office should have two different presentment:

1. **concerning Annie Dookhan**
2. **concerning Sonya Farak**

The **Dookhan** presentment was sent certified last september 17, 2015, and again last June 2016 just for safe measures, around the time I sent the **Farak** presentment. I enclose both, I am indigent as of today, so again I sent them for a third time for evaluation.

I believe there old **Dookhan** cases you can read, that you are aware of, however, none of them entail the 258D, because I was acquitted, same as the **Farak** case.

I will wait for your evaluation and if you are not seriously concidering a settlement, please let me know so I can take the proper steps to preserve my rights. Now if you need my help in obtaining any records to forward your investigation feel free to contact me, however, I would expect that any and all records you obtain will be shared with me in this pre-litigation process.

Sincerely,

/s/Barry Spencer II

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 16-2843E | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): Barry Spencer

ADDRESS: P.O. Box 1218
Shirley, MA 01464

ATTORNEY:

ADDRESS:

COUNTY Suffolk

DEFENDANT(S): Martin Walsh, Annie Dookhan, Daniella Fresca, John Polanowicz, John Auerbach, Linda Han, Donald Keenan et al.,

ADDRESS:

2016 SEP 13 AM 10: 43
SUFFOLK SUPERIOR COURT CIVIL CLERK
MICHAEL JOSEPH DONOVAN CLERK / MAGISTRATE

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| E-17 | Civil Rights | A | [X] YES [ ] NO |

"Other" please describe: M.G.L. ch 258D

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses ......................................... $
2. Total doctor expenses ......................................... $
3. Total chiropractic expenses ......................................... $
4. Total physical therapy expenses ......................................... $
5. Total other expenses (describe below) ......................................... Subtotal (A): $

Documented lost wages and compensation to date ......................................... $
Documented property damages to date ......................................... $
Reasonably anticipated future medical and hospital expenses ......................................... $
Reasonably anticipated lost wages ......................................... $
Other documented items of damages (describe below) ......................................... $

Briefly describe plaintiff's injury, including the nature and extent of injury:
physical, mental and emotional injury due to illegal incarceration   TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s): Erroneous conviction of innocent person for several years of incerceration, collectively a total of 1855 days due to egregious government misconduct.   TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X /s/Barry Spencer II   Date: 8/25/16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Date: _____

Signature of Attorney of Record: X

I HEREBY ATTEST AND CERTIFY ON
Oct. 24, 2016 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: Margaret M. Sellon
Asst. Clerk

*4*

COMMONWEALTH OF MASSACHUSETTS
Suffolk Superior Civil Court
Of The Trial Division

Barry Spencer II                    No.
    Plaintiff,                        16-2843

    vs

Martin Walsh et. al.,
    Defendants,

MOTION FOR SERVICE PROCESS BY
SUFFOLK COUNTY SHERIFF DEPARTMENT
CIVIL PROCESS DIVISION

       Plaintiff being indigent pursuant to G.L. c. 261, §§ 27A-G,

moves this Honorable Court to allocate funds at the government

expense to serve the defendants in this matter, for the pre-

paration of his case.

       As additional reasons thereto:

1.    The plaintiff is not represented by counsel.

2.    The cost of service by any other means will be beyond

his means, at the present time.

3.    He already has several court fees deducted from his

account monthly and can not afford even service by certified

mail.

4.    Justice dictates that this motion be allowed.

                  The Plaintiff,

                  /s/Barry Spencer II
                  Barry Spencer

Dated:

NOTICE SENT:    09/27/2016
B.S.- (Pro Se)

*9/27/16*

*Allowed, plaintiff may serve the defendants by regular 1st class US mail. Plaintiff shall provide an affidavit as proof of service, pursuant to M.R.C.P. rule 4.*
*By the Court,*
*Attest: Margaret M. Allen (Assistant Clerk)*

I HEREBY ATTEST AND CERTIFY ON

Oct. 24, 2016 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: Margaret M. Allen
    Asst. Clerk

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

**Civil Docket#: SUCV2016-02843-C**

Barry Spencer, II, A121687
                    Plaintiff(s)
vs
Annie Dookhan, et al
                    Defendant(s)

**Mr. Barry Spencer, II, A121687**
MCI Shirley
PO Box 1218
Shirley, Ma. 01464

### ORDER TO COMMISSIONER OF CORRECTION TO PROVIDE CERTAIN INFORMATION REGARDING INMATE ACCOUNT RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE AND PROCEED IN FORMA PAUPERIS

The plaintiff in the above-captioned action has filed a motion to waive the filing fee

and court costs (normal) and to proceed in forma pauperis.

Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently

incarcerated shall file a document showing the current status of the plaintiff's canteen

account and savings account, if any, and the account activity for the past six (6) months.

The document shall be filed within thirty (30) days of the date of this order. The statement

is to be mailed to:

**SUFFOLK SUPERIOR COURT**
**CIVIL CLERK'S OFFICE**
**PRISONER DEPARTMENT, ROOM 1203**
**THREE PEMBERTON SQUARE**
**BOSTON, MA. 02108**

Dated at Boston, Massachusetts this 14th day of September, 2016.

By the Court,    ( Peter M. Lauriat, Justice)

**NOTICE SENT:    09/14/2016**
B.S.              N.A.W.
(Pro Se)          D.O.C.

By: _Margaret M. Sellon_
                    Assistant Clerk

I HEREBY ATTEST AND CERTIFY ON
**Oct. 24, 2016** , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Sellon_
Asst. Clerk

Commonwealth of Massachusetts
County of Suffolk
The Superior Court

Civil Docket#: **SUCV2016-02843-C**

**RE: Barry Spencer, II, vs Annie Dookhan, et al**

**TO:** Mr. Barry Spencer, II, A121687
MCI Shirley
PO Box 1218
Shirley, Ma. 01464

## ORDER

   **ORDER: After a review of your petition and correspondence, the Court has
instructed the Clerk's Office to take the following action: Service is to be made upon
defendants by means of certified mail, and you must return
to the court the original summons with the green return receipt card for each defendant.**

Dated at Boston, Massachusetts this 14th day of September, 2016

   By the Court, (Peter M. Lauriat, Justice)

**NOTICE SENT:   09/14/2016**
B.S.         N.A.W.
(Pro Se)     D.O.C.

Michael Joseph Donovan,
Clerk of the Courts

BY: _Margaret M. Sella_
   Assistant Clerk

I HEREBY ATTEST AND CERTIFY ON
Oct. 24, 2016
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _Margaret M. Sella_
   Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
NO. 16-2843-C

## PRISONER PETITIONS – CIVIL ACTION DISPOSITION SHEET

TO:
ADDRESS:

BARRY SPENCER, II, A121687
MCI SHIRLEY
PO BOX 1218
SHIRLEY, MA. 01464

DATE:

After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action:

( )   (See attached Order)

(✓)   Service is to be made upon defendant(s) by means of (certified) (~~regular~~) mail by plaintiff(s).

( )   A copy of the complaint is to be sent to the Office of the Attorney General or the Department of Corrections by the plaintiff(s).

( )   a copy of the petition is to be sent to the Mass. Correction Legal Service for review and report as to legal representation in this matter.

( )   The trial date of this case will be scheduled by the Clerk's Office and you will be notified.

( )   The case is to be heard by the Court on the basis of briefs and affidavits only on _____, pursuant to the (plaintiff's) (defendant's) motion _____.

( )   _____
_____
_____

NOTICE SENT:   09/14/2016
B.S.– (Pro Se)

SUMMONSES, ETC. MAILED

( )   The correspondence is to be returned to you because:

    ( )   it fails to state a claim upon which relief can be granted.

    ( )   it is a duplication of your pending case in this Court.

    ( )   it fails to comply with the procedural requirements of Mass. G.L. 258 (Mass. Tort Claims Act) of providing six months notice to the defendant prior to the filing of a complaint and specifically naming the Commonwealth as a defendant.

    ( )   It fails to state that the proper administrative remedies have been exhausted.

    ( )   It is incomprehensible.

DATE: 9/14/16

(Laurie, J.)

ATTEST: Margaret M. Sellin

ASSISTANT CLERK

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                           SUPERIOR COURT

### NOTICE

### RE:   CIVIL PRISONER COMPLAINTS

Your return of service must be in compliance with the Court's endorsement entered on your complaint at the time of entry. If a complaint is to be served by certified mail, the return must be accompanied Certified with Return Receipt Card. If the receipts are unavailable, the return should be accompanied by Affidavit of Service stating that the complaint was served by certified mail. Additionally, all documents filed in Court must contain an original signature. Failure to comply with these rules will result in the returning of documents.

_____
Assistant Clerk

DATE:

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                        SUPERIOR COURT


### SPECIAL AMENDMENT TO SUPERIOR COURT RULE 9A
### FOR INMATE CIVIL CASES


Inmates who have Civil Cases pending in Superior Court will not be required to comply with the changes in Rule 9A which became effective in January, 1990. That is, instead of "packaging" motions and responses thereto, as required by the amended Rule 9A, inmates may follow the old Rule 9A which allows direct mailing of all motions and responses to the Clerk-Magistrate's Office. This Special Amendment will relieve inmates of the burden of packaging motions and responses, and also save them the cost of mailing said package to the Clerk's Office.


Judith Fabricant
████████████████e, J.
Chief Justice of the Superior Court

Date_____

Case to enter w/o fee. Plaintiff(s) to serve by certified mail, copy to Attorney General. Summonses sent to Plaintiff at no cost.
Hearing set for

_____
_____
_____

(          )          ATT:_____
Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                        SUPERIOR COURT

## ADMINISTRATIVE DIRECTIVE  92-1

This administrative directive is implemented to address the unique problems that often accompany a civil action that is filed by someone who is incarcerated. Its aim is to promote a just and speedy resolution of these civil actions by ensuring:

1.    That upon filing, the complaint is entered expeditiously and appropriate notice is sent.

2.    That all named parties receive actual notice of the litigation.

3.    That the cases proceed in a timely and cost effective manner.


Accordingly, it is ordered that upon the filing of the complaint, the Clerk is to pass upon the sufficiency of the affidavit of indigency ( in almost all cases, the prisoner is indigent but has access to limited funds) and if indigent, to authorize service of process by certified mail on all named defendants - copy to the Attorney General. With notification of this action, the Clerk is to provide the plaintiff with the appropriate number of blank summonses. It is the obligation of the plaintiff to provide the requisite number of copies of the complaint and to complete the summons to perfect service. In those rare instances wherein the plaintiff has no funds, (ex: not in the general population of the prison), service may be authorized by regular mail and the Court is to provide the appropriate number of blank summonses.

With the notice of the Court's action, the plaintiff is also to be notified of what is required in filing a return of service and of the waiving of that part of Superior Court Rule 9A which requires the packaging of motions and responses thereto.

When a complaint filed by an inmate requires other that money damages, the complaint is to be reviewed by a justice for whatever action he or she deems appropriate. For example, it is the discretion of the justice to decide a requisite for a preliminary injunction upon the submissions and not the presence of the inmate.

This administrative directive is to take effect forthwith.

Judith Fabricant

se, J.

- Chief Justice of the Superior Court

Dated: May 1, 1992

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2016-2843**

Barry Spencer, II,
        Plaintiff

vs

Annie Dookhan, et al
        Defendant(s)

### NOTICE OF WAIVER OF COURT COSTS AND REQUEST
### FOR PAYMENT TO BE WITHDRAWN FROM ACCOUNT
### (PURSUANT TO G.L. c. 261 sec. 29)

The prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee of $275.00 and court costs (normal) and to proceed in forma pauperis. After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders:

The plaintiff is incapable of paying the filing fee and may proceed in forma pauperis.

By the Court (Lauriat, Justice)

Dated: 9/27/2016

BY: _____
                      Assistant Clerk

NOTICE SENT:       09/27/2016
B.S.- (Pro Se)

I HEREBY ATTEST AND CERTIFY ON

Oct. 24, 2016 , THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

# MASSACHUSETTS
## DEPARTMENT OF CORRECTION
## MCI SHIRLEY
### Inmate Transaction History
### Summary Report

Inmate Name    SPENCER, BARRY

Comm#    A121687

*16 - 2843*

Period encompassed    3/20/16 - 9/19/2016

Docket #    SUCV2016-02844-C

| | | personal | savings | total |
|---|---|---|---|---|
| Beginning Balance: | 03/20/16 | $91.56 | $30.04 | $121.60 |
| Balance as of | 04/19/16 | $42.07 | $54.05 | $96.12 |
| Balance as of | 05/19/16 | $79.31 | $19.52 | $98.83 |
| Balance as of | 06/19/16 | $117.56 | $31.52 | $149.08 |
| Balance as of | 07/19/16 | $0.23 | $31.53 | $31.76 |
| Balance as of | 08/19/16 | $60.48 | $31.54 | $92.02 |
| Ending Balance: | 09/19/16 | $74.21 | $37.55 | $111.76 |

Six month average balance:    $100.17

20% of six month average balance:    $20.03

RECEIVED

SEP 2 3 2016

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

total expenditure for period:    $1,021.45

total income for period:    $1,011.61

*Indigent*

To the best of my knowledge the above summary information is true and accurate.

Signed: Debbie Graybelle    Title: Clerk IV    Date: 9-20-2016

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### Inmate Transaction Report

Date : 20160920 13:06

| | |
|---|---|
| Commit# : | A121687 |
| Name : | SPENCER, BARRY. , . |
| Inst : | MCI SHIRLEY (MEDIUM) |
| Block : | C-2 |
| Cell/Bed : | 59 /59B |

MCI SHIRLEY (MEDIUM)

Statement From    20160320

To    20160419

| Transaction Date | Type | Receipt # | Check No | Inst Name | Notes | Personal Income | Personal Expense | Savings Income | Savings Expense |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Total Transaction before this Period :** | $8,233.74 | $8,142.18 | $571.54 | $541.50 |
| 20160321 15:14 | EX - External Disbursement | 29934234 | 181333 | OCC | ~INITIAL FILING FEE FOR CIVIL ACTION # 15-10518-IT-CLERK, US DISTRICT COURT | $0.00 | $28.15 | $0.00 | $0.00 |
| 20160322 22:32 | CN - Canteen | 29941930 | | OCC | ~Canteen Date : 20160322 | $0.00 | $14.80 | $0.00 | $0.00 |
| 20160323 10:37 | IC - Transfer from Inmate to Club A/c | 29943240 | | OCC | ~GLOBAL-TEL - Z179--GLOBAL-TEL - Z179 | $0.00 | $8.00 | $0.00 | $0.00 |
| 20160323 20:01 | PY - Payroll | 29949926 | | OCC | ~20160306 To 20160312 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160323 20:01 | PY - Payroll | 29949927 | | OCC | ~20160306 To 20160312 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160328 10:43 | ML - Mail | 29966777 | 17397934945 | STH | ~SPENCER, ANN, , | $100.00 | $0.00 | $0.00 | $0.00 |
| 20160328 10:43 | TI - Transfer from Institution | 29966778 | | STH | ~Associate Receipt Number is 29966777 | $0.00 | $100.00 | $0.00 | $0.00 |
| 20160328 10:43 | TI - Transfer from Institution | 29966779 | | OCC | ~Associate Receipt Number is 29966777 | $100.00 | $0.00 | $0.00 | $0.00 |
| 20160329 22:30 | CN - Canteen | 29975345 | | OCC | ~Canteen Date : 20160329 | $0.00 | $15.31 | $0.00 | $0.00 |
| 20160330 20:01 | PY - Payroll | 29984120 | | OCC | ~20160313 To 20160319 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160330 20:01 | PY - Payroll | 29984121 | | OCC | ~20160313 To 20160319 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160404 12:13 | IC - Transfer from Inmate to Club A/c | 30005475 | | OCC | ~MUSLIM MASJID - Z166--MUSLIM MASJID - Z166 | $0.00 | $2.00 | $0.00 | $0.00 |
| 20160405 12:59 | EX - External Disbursement | 30012973 | 181650 | OCC | ~20% OF INCOME FOR MARCH 2016 ON CA# 13-11431-DJC-CLERK, US DISTRICT COURT | $0.00 | $40.00 | $0.00 | $0.00 |
| 20160405 12:59 | MA - Maintenance and Administration | 30012975 | | OCC | ~Monthly Maintenance and Administration Fee | $0.00 | $1.00 | $0.00 | $0.00 |
| 20160405 22:33 | CN - Canteen | 30016084 | | OCC | ~Canteen Date : 20160405 | $0.00 | $31.48 | $0.00 | $0.00 |
| 20160406 20:01 | PY - Payroll | 30025068 | | OCC | ~20160320 To 20160326 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160406 20:01 | PY - Payroll | 30025069 | | OCC | ~20160320 To 20160326 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160411 16:35 | IS - Interest | 30055088 | | OCC | | $0.03 | $0.00 | $0.00 | $0.00 |
| 20160411 16:35 | IS - Interest | 30055089 | | OCC | | $0.00 | $0.00 | $0.01 | $0.00 |
| 20160413 20:01 | PY - Payroll | 30080270 | | OCC | ~20160327 To 20160402 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160413 20:01 | PY - Payroll | 30080271 | | OCC | ~20160327 To 20160402 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160419 22:30 | CN - Canteen | 30104598 | | OCC | ~Canteen Date : 20160419 | $0.00 | $32.78 | $0.00 | $0.00 |
| | | | | | | $224.03 | $273.52 | $24.01 | $0.00 |

| | Personal | Savings |
|---|---|---|
| Balance as of ending date : | $42.07 | $54.05 |

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### Inmate Transaction Report

Date : 20160920 13:06

| | | |
|---|---|---|
| Commit# : | A121687 | MCI SHIRLEY (MEDIUM) |
| Name : | SPENCER, BARRY, , | Statement From 20160320 |
| Inst : | MCI SHIRLEY (MEDIUM) | To 20160419 |
| Block : | C-2 | |
| Cell/Bed : | 59 /59B | |

Current Balances :

| Personal | Savings | Freeze | Loan | Restitution | Sentence |
|---|---|---|---|---|---|
| $74.21 | $37.55 | $0.00 | $0.00 | $0.00 | $0.00 |

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### Inmate Transaction Report

Date : 20160920 13:07

| | | | | | |
|---|---|---|---|---|---|
| Commit# : | A121687 | | MCI SHIRLEY (MEDIUM) | | |
| Name : | SPENCER, BARRY, , | Statement From | 20160420 | | |
| Inst : | MCI SHIRLEY (MEDIUM) | To | 20160519 | | |
| Block : | C-2 | | | | |
| Cell/Bed : | 59 /59B | | | | |

| Transaction Date | Type | Receipt # | Check No | Inst Name | Notes | Personal | | Savings | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Income | Expense | Income | Expense |
| | | | | Total Transaction before this Period : | | $8,457.77 | $8,415.70 | $595.55 | $541.50 |
| 20160420 08:57 | IC - Transfer from Inmate to Club A/c | 30107178 | | OCC | ~PHOTO - Z13~PHOTO - Z13 | $0.00 | $1.20 | $0.00 | $0.00 |
| 20160420 20:01 | PY - Payroll | 30114291 | | OCC | ~20160403 To 20160409 | $4.50 | $0.00 | $0.00 | $0.00 |
| 20160420 20:01 | PY - Payroll | 30114292 | | OCC | ~20160403 To 20160409 | $0.00 | $0.00 | $4.50 | $0.00 |
| 20160422 09:37 | IC - Transfer from Inmate to Club A/c | 30126424 | | OCC | ~POSTAGE - Z11~POSTAGE - Z11 | $0.00 | $6.80 | $0.00 | $0.00 |
| 20160427 20:02 | PY - Payroll | 30148410 | | OCC | ~20160410 To 20160416 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160427 20:02 | PY - Payroll | 30148411 | | OCC | ~20160410 To 20160416 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160502 16:11 | EX - External Disbursement | 30170849 | 182247 | OCC | ~20% OF INCOME FOR APRIL 2016 FOR CA # 13-11431-DJC~CLERK, US DISTRICT COURT | $0.00 | $4.50 | $0.00 | $0.00 |
| 20160502 16:11 | MA - Maintenance and Administration | 30170851 | | OCC | ~Monthly Maintenance and Administration Fee | $0.00 | $1.00 | $0.00 | $0.00 |
| 20160503 10:24 | AT - Account Transfer | 30175786 | | OCC | ~A121687 SPENCER,BARRY PERSONAL | $64.55 | $0.00 | $0.00 | $64.55 |
| 20160503 22:30 | CN - Canteen | 30178312 | | OCC | ~Canteen Date : 20160503 | $0.00 | $15.40 | $0.00 | $0.00 |
| 20160504 07:03 | IC - Transfer from Inmate to Club A/c | 30180146 | | OCC | ~POSTAGE - Z11~POSTAGE - Z11 | $0.00 | $7.50 | $0.00 | $0.00 |
| 20160504 20:02 | PY - Payroll | 30187980 | | OCC | ~20160417 To 20160423~Corrected Payroll 20160403 | $1.50 | $0.00 | $0.00 | $0.00 |
| 20160504 20:02 | PY - Payroll | 30187981 | | OCC | ~20160417 To 20160423~Corrected Payroll 20160403 | $0.00 | $0.00 | $1.50 | $0.00 |
| 20160504 20:02 | PY - Payroll | 30187982 | | OCC | ~20160417 To 20160423 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160504 20:02 | PY - Payroll | 30187983 | | OCC | ~20160417 To 20160423 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160506 10:55 | IC - Transfer from Inmate to Club A/c | 30203371 | | OCC | ~POSTAGE - Z11~POSTAGE - Z11 | $0.00 | $7.35 | $0.00 | $0.00 |
| 20160510 16:51 | IS - Interest | 30224918 | | OCC | | $0.03 | $0.00 | $0.00 | $0.00 |
| 20160510 16:51 | IS - Interest | 30224919 | | OCC | | $0.00 | $0.00 | $0.02 | $0.00 |
| 20160510 22:30 | CN - Canteen | 30233474 | | OCC | ~Canteen Date : 20160510 | $0.00 | $8.18 | $0.00 | $0.00 |
| 20160511 20:02 | PY - Payroll | 30244077 | | OCC | ~20160424 To 20160430 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160511 20:02 | PY - Payroll | 30244078 | | OCC | ~20160424 To 20160430 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160517 22:31 | CN - Canteen | 30271538 | | OCC | ~Canteen Date : 20160517 | $0.00 | $5.41 | $0.00 | $0.00 |
| 20160518 20:02 | PY - Payroll | 30279542 | | OCC | ~20160501 To 20160507 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160518 20:02 | PY - Payroll | 30279543 | | OCC | ~20160501 To 20160507 | $0.00 | $0.00 | $6.00 | $0.00 |
| | | | | | | $94.58 | $57.34 | $30.02 | $64.55 |

| | Personal | Savings |
|---|---|---|
| Balance as of ending date : | $79.31 | $19.52 |

Date : 20160920 13:07

Page : 2

| | | | |
|---|---|---|---|
| Commit# : | A121687 | | MCI SHIRLEY (MEDIUM) |
| Name : | SPENCER, BARRY, , | Statement From | 20160420 |
| Inst : | MCI SHIRLEY (MEDIUM) | To | 20160519 |
| Block : | C-2 | | |
| Cell/Bed : | 59 /59B | | |

Current Balances :

| Personal | Savings | Freeze | Loan | Restitution | Sentence |
|---|---|---|---|---|---|
| $74.21 | $37.55 | $0.00 | $0.00 | $0.00 | $0.00 |

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### Inmate Transaction Report

Date : 20160920 13:07

| | | |
|---|---|---|
| Commit# : | A121687 | MCI SHIRLEY (MEDIUM) |
| Name : | SPENCER, BARRY, , | Statement From 20160520 |
| Inst : | MCI SHIRLEY (MEDIUM) | To 20160619 |
| Block : | C-2 | |
| Cell/Bed : | 59 /59B | |

| Transaction Date | Type | Receipt # | Check No | Inst Name | Notes | Personal | | Savings | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Income | Expense | Income | Expense |
| | | | | | Total Transaction before this Period : | $8,552.35 | $8,473.04 | $625.57 | $606.05 |
| 20160523 22:31 | CN - Canteen | 30301709 | | OCC | ~Canteen Date : 20160523 | $0.00 | $7.90 | $0.00 | $0.00 |
| 20160524 22:31 | CN - Canteen | 30306592 | | OCC | ~Canteen Date : 20160524 | $0.00 | $17.94 | $0.00 | $0.00 |
| 20160525 20:01 | PY - Payroll | 30314148 | | OCC | ~20160508 To 20160514 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160525 20:01 | PY - Payroll | 30314149 | | OCC | ~20160508 To 20160514 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160525 23:16 | TI - Transfer from Institution | 30319321 | | OCC | | $0.00 | $59.47 | $0.00 | $0.00 |
| 20160525 23:16 | TI - Transfer from Institution | 30319322 | | SHI | | $59.47 | $0.00 | $0.00 | $0.00 |
| 20160525 23:16 | TI - Transfer from Institution | 30319323 | | OCC | | $0.00 | $0.00 | $0.00 | $25.52 |
| 20160525 23:16 | TI - Transfer from Institution | 30319324 | | SHI | | $0.00 | $0.00 | $25.52 | $0.00 |
| 20160526 13:22 | IC - Transfer from Inmate to Club A/c | 30321294 | | SHI | ~TELEPHONE~GLOBAL-TEL - Z179~GLOBAL-TEL - Z179 | $0.00 | $10.00 | $0.00 | $0.00 |
| 20160531 22:30 | CN - Canteen | 30334096 | | SHI | ~Canteen Date : 20160531 | $0.00 | $48.16 | $0.00 | $0.00 |
| 20160601 20:02 | PY - Payroll | 30344104 | | OCC | ~20160515 To 20160521 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160601 20:02 | TI - Transfer from Institution | 30344105 | | OCC | ~Associate Receipt Number is 30344104 | $0.00 | $6.00 | $0.00 | $0.00 |
| 20160601 20:02 | TI - Transfer from Institution | 30344106 | | SHI | ~Associate Receipt Number is 30344104 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160601 20:02 | TI - Transfer from Institution | 30344107 | | OCC | ~Associate Receipt Number is 30344104 | $0.00 | $0.00 | $0.00 | $6.00 |
| 20160601 20:02 | TI - Transfer from Institution | 30344108 | | SHI | ~Associate Receipt Number is 30344104 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160601 20:02 | PY - Payroll | 30344109 | | OCC | ~20160515 To 20160521 | $0.00 | $0.00 | $6.00 | $0.00 |
| 20160608 07:41 | IC - Transfer from Inmate to Club A/c | 30378686 | | SHI | ~PROPERTY SHIPPING~PROPERTY SHIPPING CHARGE - Z49~PROPERTY SHIPPING CHARGE - Z49 | $0.00 | $4.62 | $0.00 | $0.00 |
| 20160614 09:40 | ML - Mail | 30411870 | | SHI | ~MG 10726098809 ANN | $100.00 | $0.00 | $0.00 | $0.00 |
| 20160614 09:40 | MA - Maintenance and Administration | 30411872 | | SHI | ~Monthly Maintenance and Administration Fee | $0.00 | $1.00 | $0.00 | $0.00 |
| 20160616 13:14 | IC - Transfer from Inmate to Club A/c | 30431296 | | SHI | ~TELEPHONE~GLOBAL-TEL - Z179~GLOBAL-TEL - Z179 | $0.00 | $10.00 | $0.00 | $0.00 |
| 20160616 16:53 | IS - Interest | 30439149 | | SHI | | $0.03 | $0.00 | $0.00 | $0.00 |
| 20160616 16:53 | IS - Interest | 30439150 | | SHI | | $0.00 | $0.00 | $0.00 | $0.00 |
| 20160617 11:02 | ML - Mail | 30452508 | 183174 | STH | ~CANTEEN REFUND 5/23/16 | $7.90 | $0.00 | $0.00 | $0.00 |
| 20160617 11:02 | TI - Transfer from Institution | 30452509 | | STH | ~Associate Receipt Number is 30452508 | $0.00 | $7.90 | $0.00 | $0.00 |
| 20160617 11:02 | TI - Transfer from Institution | 30452510 | | SHI | ~Associate Receipt Number is 30452508 | $7.90 | $0.00 | $0.00 | $0.00 |
| 20160617 11:02 | ML - Mail | 30452511 | 183175 | STH | ~CANTEEN REFUND 5/13/16 @ SHIRLEY | $17.94 | $0.00 | $0.00 | $0.00 |
| 20160617 11:02 | TI - Transfer from Institution | 30452512 | | STH | ~Associate Receipt Number is 30452511 | $0.00 | $17.94 | $0.00 | $0.00 |
| 20160617 11:02 | TI - Transfer from Institution | 30452513 | | SHI | ~Associate Receipt Number is 30452511 | $17.94 | $0.00 | $0.00 | $0.00 |
| | | | | | | $229.18 | $190.93 | $43.52 | $31.52 |

Date : 20160920 13:08

| | | |
|---|---|---|
| Commit# : | A121687 | |
| Name : | SPENCER, BARRY, , | |
| Inst : | MCI SHIRLEY (MEDIUM) | |
| Block : | C-2 | |
| Cell/Bed : | 59 /59B | |

Page : 1

MCI SHIRLEY (MEDIUM)

Statement From   20160620

To   20160719

| Transaction Date | Type | Receipt # | Check No | Inst Name | Notes | Personal | | Savings | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Income | Expense | Income | Expense |
| | | | | **Total Transaction before this Period :** | | $8,781.53 | $8,663.97 | $669.09 | $637.57 |
| 20160621 22:30 | CN - Canteen | 30463972 | | SHI | ~Canteen Date : 20160621 | $0.00 | $10.71 | $0.00 | $0.00 |
| 20160627 22:30 | CN - Canteen | 30493046 | | SHI | ~Canteen Date : 20160627 | $0.00 | $11.15 | $0.00 | $0.00 |
| 20160629 09:23 | IC - Transfer from Inmate to Club A/c | 30501723 | | SHI | ~PROPERTY SHIPPING~PROPERTY SHIPPING CHARGE - Z49~PROPERTY SHIPPING CHARGE - Z49 | $0.00 | $1.57 | $0.00 | $0.00 |
| 20160629 09:24 | IC - Transfer from Inmate to Club A/c | 30501731 | | SHI | ~PROPERTY SHIPPING~PROPERTY SHIPPING CHARGE - Z49~PROPERTY SHIPPING CHARGE - Z49 | $0.00 | $1.57 | $0.00 | $0.00 |
| 20160630 13:17 | IC - Transfer from Inmate to Club A/c | 30515530 | | SHI | ~TELEPHONE-GLOBAL-TEL - Z179~GLOBAL-TEL - Z179 | $0.00 | $5.00 | $0.00 | $0.00 |
| 20160701 08:25 | EX - External Disbursement | 30517981 | 99278 | SHI | ~COURT ORDER FILING FEE FOR JUNE 2016 #15-10022-ABD~US DISTRICT COURT #15-10022-ABD | $0.00 | $22.40 | $0.00 | $0.00 |
| 20160701 08:25 | MA - Maintenance and Administration | 30517983 | | SHI | ~Monthly Maintenance and Administration Fee | $0.00 | $1.00 | $0.00 | $0.00 |
| 20160701 11:12 | IC - Transfer from Inmate to Club A/c | 30519601 | | SHI | ~MEDICAL CO-PAYMENT 6-22-16~MEDICAL CO-PAYMENT - Z4~MEDICAL CO-PAYMENT - Z4 | $0.00 | $3.00 | $0.00 | $0.00 |
| 20160705 22:30 | CN - Canteen | 30534440 | | SHI | ~Canteen Date : 20160705 | $0.00 | $14.67 | $0.00 | $0.00 |
| 20160711 16:58 | IS - Interest | 30575970 | | SHI | | $0.02 | $0.00 | $0.00 | $0.00 |
| 20160711 16:58 | IS - Interest | 30575971 | | SHI | | $0.00 | $0.00 | $0.01 | $0.00 |
| 20160712 22:31 | CN - Canteen | 30591365 | | SHI | ~Canteen Date : 20160712 | $0.00 | $30.36 | $0.00 | $0.00 |
| 20160715 14:13 | IC - Transfer from Inmate to Club A/c | 30613518 | | SHI | ~MEDICAL CO-PAYMENT 7-7-16~MEDICAL CO-PAYMENT - Z4~MEDICAL CO-PAYMENT - Z4 | $0.00 | $3.00 | $0.00 | $0.00 |
| 20160719 22:31 | CN - Canteen | 30627044 | | SHI | ~Canteen Date : 20160719 | $0.00 | $12.92 | $0.00 | $0.00 |
| | | | | | | $0.02 | $117.35 | $0.01 | $0.00 |

| | Personal | Savings |
|---|---|---|
| Balance as of ending date : | $0.23 | $31.53 |

**Current Balances :**

| Personal | Savings | Freeze | Loan | Restitution | Sentence |
|---|---|---|---|---|---|
| $74.21 | $37.55 | $0.00 | $0.00 | $0.00 | $0.00 |

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### Inmate Transaction Report

Date : 20160920 13:08

| | | | | |
|---|---|---|---|---|
| Commit# : | A121687 | | MCI SHIRLEY (MEDIUM) | |
| Name : | SPENCER, BARRY, , | | Statement From | 20160720 |
| Inst : | MCI SHIRLEY (MEDIUM) | | To | 20160819 |
| Block : | C-2 | | | |
| Cell/Bed : | 59 /59B | | | |

| Transaction Date | Type | Receipt # | Check No | Inst Name | Notes | Personal Income | Personal Expense | Savings Income | Savings Expense |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Total Transaction before this Period : | $8,781.55 | $8,781.32 | $669.10 | $637.57 |
| 20160726 09:27 | ML - Mail | 30655230 | | SHI | ~MG 20689378535 ~SPENCER, ANN, , | $100.00 | $0.00 | $0.00 | $0.00 |
| 20160726 09:51 | CI - Transfer from Club to Inmate A/c | 30655427 | | SHI | ~CANTEEN REFUND DUE FROM 7-19-16-A121687 SPENCER,BARRY PERSONAL~KCN WASH ACCOUNT - Z5 | $1.38 | $0.00 | $0.00 | $0.00 |
| 20160726 22:30 | CN - Canteen | 30659240 | | SHI | ~Canteen Date : 20160726 | $0.00 | $1.54 | $0.00 | $0.00 |
| 20160728 09:43 | ML - Mail | 30672651 | | SHI | ~CHECK# 19043 COMMONWEALTH OF MASSACHUSETTS DORCHESTER DISTRICT COURT CLERK MAGISTRATE'S OFFICE | $100.00 | $0.00 | $0.00 | $0.00 |
| 20160729 10:58 | CI - Transfer from Club to Inmate A/c | 30679256 | | SHI | ~REFUND FOR MEDICAL CO-PAYMENTS CHARGED FOR 6/22 AND 7/7~A121687 SPENCER,BARRY PERSONAL~MEDICAL CO-PAYMENT - Z4 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160801 07:47 | IC - Transfer from Inmate to Club A/c | 30681681 | | SHI | ~PROPERTY SHIPPNIG~PROPERTY SHIPPING CHARGE - Z49~PROPERTY SHIPPING CHARGE - Z49 | $0.00 | $1.09 | $0.00 | $0.00 |
| 20160801 12:42 | EX - External Disbursement | 30686927 | 99707 | SHI | ~COURT ORDER FILING FEE FOR JULY 2016 #12-11742-WGY~US DISTRICT COURT #12-11742-WGY | $0.00 | $40.00 | $0.00 | $0.00 |
| 20160801 12:42 | MA - Maintenance and Administration | 30686929 | | SHI | ~Monthly Maintenance and Administration Fee | $0.00 | $1.00 | $0.00 | $0.00 |
| 20160801 14:30 | IC - Transfer from Inmate to Club A/c | 30688194 | | SHI | ~TELEPHONE-GLOBAL-TEL - Z179~GLOBAL-TEL - Z179 | $0.00 | $10.00 | $0.00 | $0.00 |
| 20160802 22:30 | CN - Canteen | 30695205 | | SHI | ~Canteen Date : 20160802 | $0.00 | $38.56 | $0.00 | $0.00 |
| 20160809 22:32 | CN - Canteen | 30734639 | | SHI | ~Canteen Date : 20160809 | $0.00 | $16.76 | $0.00 | $0.00 |
| 20160812 16:26 | IS - Interest | 30763836 | | SHI | | $0.02 | $0.00 | $0.00 | $0.00 |
| 20160812 16:26 | IS - Interest | 30763837 | | SHI | | $0.00 | $0.00 | $0.01 | $0.00 |
| 20160816 22:30 | CN - Canteen | 30784587 | | SHI | ~Canteen Date : 20160816 | $0.00 | $28.20 | $0.00 | $0.00 |
| 20160817 13:47 | IC - Transfer from Inmate to Club A/c | 30787799 | | SHI | ~TELEPHONE-GLOBAL-TEL - Z179~GLOBAL-TEL - Z179 | $0.00 | $10.00 | $0.00 | $0.00 |
| | | | | | | $207.40 | $147.15 | $0.01 | $0.00 |

| | Personal | Savings |
|---|---|---|
| Balance as of ending date : | $60.48 | $31.54 |

Current Balances :

| Personal | Savings | Freeze | Loan | Restitution | Sentence |
|---|---|---|---|---|---|
| $74.21 | $37.55 | $0.00 | $0.00 | $0.00 | $0.00 |

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### Inmate Transaction Report

Date : 20160920 13:08

| | |
|---|---|
| Commit# : | A121687 |
| Name : | SPENCER, BARRY, , |
| Inst : | MCI SHIRLEY (MEDIUM) |
| Block : | C-2 |
| Cell/Bed : | 59 /59B |

MCI SHIRLEY (MEDIUM)

Statement From 20160820

To 20160919

| Transaction Date | Type | Receipt # | Check No | Inst Name | Notes | Personal | | Savings | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Income | Expense | Income | Expense |
| | | | | Total Transaction before this Period : | | $8,988.95 | $8,928.47 | $669.11 | $637.57 |
| 20160823 22:31 | CN - Canteen | 30819423 | | SHI | ~Canteen Date : 20160823 | $0.00 | $14.14 | $0.00 | $0.00 |
| 20160824 12:12 | VC - Voided Check | 30821233 | 99707 | SHI | ~COURT ORDER FILING FEE FOR JULY 2016 #12-11742-WGY~US DISTRICT COURT #12-11742-WGY | $40.00 | $0.00 | $0.00 | $0.00 |
| 20160824 12:13 | EX - External Disbursement | 30821238 | 99997 | SHI | ~COURT ORDER FILING FEE FOR JULY 2016 #15-10022-ABD. ORIGINAL CHECK #99707 WAS VOIDED DUE TO WRONG COURT NUMBER PLACED ON CHECK~US DISTRICT COURT #15-10022-ABD | $0.00 | $40.00 | $0.00 | $0.00 |
| 20160824 13:03 | IC - Transfer from Inmate to Club A/c | 30821320 | | SHI | ~#5580 MISWAK/TOOTHSTICK #1731 SOMALI ROSE~FAITH GROUP WASH ACCOUNT - Z170~FAITH GROUP WASH ACCOUNT - Z170 | $0.00 | $5.99 | $0.00 | $0.00 |
| 20160829 22:32 | CN - Canteen | 30849023 | | SHI | ~Canteen Date : 20160829 | $0.00 | $16.95 | $0.00 | $0.00 |
| 20160830 09:54 | IC - Transfer from Inmate to Club A/c | 30850107 | | SHI | ~PROPERTY SHIPPING~PROPERTY SHIPPING CHARGE - Z49~PROPERTY SHIPPING CHARGE - Z49 | $0.00 | $3.46 | $0.00 | $0.00 |
| 20160830 09:55 | IC - Transfer from Inmate to Club A/c | 30850124 | | SHI | ~PROPERTY SHIPPING~PROPERTY SHIPPING CHARGE - Z49~PROPERTY SHIPPING CHARGE - Z49 | $0.00 | $6.80 | $0.00 | $0.00 |
| 20160830 10:08 | IC - Transfer from Inmate to Club A/c | 30850213 | | SHI | ~PROPERTY SHIPPING~PROPERTY SHIPPING CHARGE - Z49~PROPERTY SHIPPING CHARGE - Z49 | $0.00 | $3.46 | $0.00 | $0.00 |
| 20160830 10:08 | IC - Transfer from Inmate to Club A/c | 30850216 | | SHI | ~PROPERTY SHIPPING~PROPERTY SHIPPING CHARGE - Z49~PROPERTY SHIPPING CHARGE - Z49 | $0.00 | $3.46 | $0.00 | $0.00 |
| 20160830 10:13 | IC - Transfer from Inmate to Club A/c | 30850251 | | SHI | ~PROPERTY SHIPPING~PROPERTY SHIPPING CHARGE - Z49~PROPERTY SHIPPING CHARGE - Z49 | $0.00 | $0.89 | $0.00 | $0.00 |
| 20160901 10:17 | CI - Transfer from Club to Inmate A/c | 30868745 | | SHI | ~CANTEEN REFUND DUE FROM 8-16-16~A121687 SPENCER,BARRY PERSONAL~KCN WASH ACCOUNT - Z5 | $2.09 | $0.00 | $0.00 | $0.00 |
| 20160902 09:19 | ML - Mail | 30872636 | | SHI | ~MG 20689379355 UNREADABLE INMATE# MUST BE WRITTEN ON MONEY ORDER | $100.00 | $0.00 | $0.00 | $0.00 |
| 20160902 09:19 | MA - Maintenance and Administration | 30872638 | | SHI | ~Monthly Maintenance and Administration Fee | $0.00 | $1.00 | $0.00 | $0.00 |
| 20160906 22:31 | CN - Canteen | 30886629 | | SHI | ~Canteen Date : 20160906 | $0.00 | $15.88 | $0.00 | $0.00 |
| 20160907 13:46 | IC - Transfer from Inmate to Club A/c | 30892207 | | SHI | ~TELEPHONE-GLOBAL-TEL - Z179~GLOBAL-TEL - Z179 | $0.00 | $10.00 | $0.00 | $0.00 |
| 20160909 13:48 | CI - Transfer from Club to Inmate A/c | 30912778 | | SHI | ~CANTEEN REFUND DUE FROM 8-29-16~A121687 SPENCER,BARRY PERSONAL~KCN WASH ACCOUNT - Z5 | $4.70 | $0.00 | $0.00 | $0.00 |
| 20160913 17:00 | IS - Interest | 30932933 | | SHI | | $0.03 | $0.00 | $0.00 | $0.00 |
| 20160913 17:00 | IS - Interest | 30932934 | | SHI | | $0.00 | $0.00 | $0.01 | $0.00 |
| 20160913 22:32 | CN - Canteen | 30944255 | | SHI | ~Canteen Date : 20160913 | $0.00 | $17.06 | $0.00 | $0.00 |
| 20160914 20:02 | PY - Payroll | 30952544 | | SHI | ~20160828 To 20160903 | $6.00 | $0.00 | $0.00 | $0.00 |
| 20160914 20:02 | PY - Payroll | 30952545 | | SHI | ~20160828 To 20160903 | $0.00 | $0.00 | $6.00 | $0.00 |

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### Inmate Transaction Report

Date : 20160920 13:08

| Commit# : | A121687 | MCI SHIRLEY (MEDIUM) |
|---|---|---|
| Name : | SPENCER, BARRY, , | Statement From 20160820 |
| Inst : | MCI SHIRLEY (MEDIUM) | To 20160919 |
| Block : | C-2 | |
| Cell/Bed : | 59 /59B | |

| Transaction Date | Type | Receipt # | Check No | Inst Name | Notes | Personal | | Savings | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Income | Expense | Income | Expense |
| | | | | | | $152.82 | $139.09 | $6.01 | $0.00 |

| | Personal | Savings |
|---|---|---|
| Balance as of ending date : | $74.21 | $37.55 |

Current Balances :

| Personal | Savings | Freeze | Loan | Restitution | Sentence |
|---|---|---|---|---|---|
| $74.21 | $37.55 | $0.00 | $0.00 | $0.00 | $0.00 |

Notice Sent 10/11/16 MCC (sw) BS

10/7/16 Plaintiff shall serve Secretary John Polonowicz with a copy of this motion and order, and Mr. Polonowicz shall serve and file his response ~~with~~ by or before 30 days from his receipt of this motion.

*[signature]* JLL

COMMONWEALTH OF MASSACHUSETTS
Suffolk County Superior Court

No. 1684cv2843

Barry Spencer II

vs

Annie Dookhan et. al.,

MOTION TO APPOINT DESIGNEE FOR DEFENDANTS

Now comes the plaintiff and moves this Honorable Court to appoint as Agent, Designee or Special appointee for service the Public Employer for the Defendants or order the Public Employer to appoint a designee for service, there are two reasons (1) all ex-employees of the William Hinton Laboratory no longer are employed there and the laboratory is closed however, Secretary John Polanowicz is the public Employer and their legal Department still coordinates the ex-employees criminal court appearances, these employee are indemnified by the State and would need his approval for representation (2) police officers in this case are no longer at the same station and their present assignment is unknown, they are indemnified by the City of Boston and will need the approval of Commissioner, Public Employer or the Mayor.

WHEREFORE, the plaintiff request that service made upon the public employer is the same as on the individual defendants, if not, he request that when the Public Employer receives its service it provides a Designee for the Plaintiff to serve on behalf of the defendants under their departments, or was under their departments at the time of the incident in this matter.

NOTIFY

2016 OCT 6 AM 1:33
SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

CERTIFIED
MICHAEL JOSEPH DONOVAN
CLERK MAGISTRATE

Respectfully submitted,

/s/Barry Spencer II
Barry Spencer II
P.O. Box 1218
Shirley, MA 01464

Dated: October 1, 2016

I HEREBY ATTEST AND CERTIFY ON

Oct. 24, 2016 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS**

**SUPERIOR COURT**
**CIVIL ACTION NO. 16-2843**

BARRY SPENCER,
        Plaintiff,

v.

ANNIE DOOKHAN, DANIELLA FRASCA, MARTIN
WALSH, JOHN POLANOWICZ/JUDYANN BIGBY,
JOHN AUERBACH, LINDA HAN, CHARLES SALEMI,
ELIZABETH O'BRIEN, PETER PIRO, DONALD
KEENAN, WILLIAM DWAN, PETER CHU, BRIAN
MAHONEY, TIMOTHY LYNCH, JOHN RYLE, DANIEL
CONLEY and SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE, also WILLIAM EVANS,

        Defendants.

U.S. Dist #
16-CV-12076-ADB



SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2016 OCT 17 P 3 47
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on October 17, 2016, a Notice of Removal was filed in the

United State District Court for the District of Massachusetts. Attached hereto as Exhibit A is a

true and correct copy of the Notice of Removal.

Dated: October 17, 2016

Respectfully submitted,

DEFENDANT MARTIN WALSH

By his attorneys:

Eugene L. O'Flaherty
Corporation Counsel

I HEREBY ATTEST AND CERTIFY ON

___Oct. 24, 2016___, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Sella_
Asst. Clerk

Nieve Anjomi (BBO# 651212)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4098
Nieve.Anjomi@boston.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following party by mail at the following address:

Barry Spencer II
PO Box 1218
Shirley, MA 01464

_10/17/16_
Date

_____
Nieve Anjomi



## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

BARRY SPENCER,

    Plaintiff,

v.

ANNIE DOOKHAN, DANIELLA FRASCA, MARTIN
WALSH, JOHN POLANOWICZ/JUDYANN BIGBY,
JOHN AUERBACH, LINDA HAN, CHARLES SALEMI,
ELIZABETH O'BRIEN, PETER PIRO, DONALD
KEENAN, WILLIAM DWAN, PETER CHU, BRIAN
MAHONEY, TIMOTHY LYNCH, JOHN RYLE, DANIEL
CONLEY and SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE, also WILLIAM EVANS,

    Defendants.

I hereby certify on 10/18/16 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 10/18/16
☐ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

### NOTICE OF REMOVAL
### (PURSUANT TO 28 U.S.C. § 1441)

The Defendant, Martin Walsh, through his undersigned counsel, hereby gives notice of

the removal of this action pursuant to 28 U.S.C. §§ 1441, 1446 and Local Rule 81 of the United

States District Court for the District of Massachusetts from the Suffolk County Superior Court,

where this action is currently pending. In Suffolk County Superior Court, the case is docketed as

Civil Action No. 1684CV02843 ("State Court Action") and has the same caption as above.

In support of this Notice of Removal, the Defendant states:

1.    On September 13, 2016, the Plaintiff commenced the State Court Action.

2.     On October 13, 2016, the Boston City Clerk's Office received a copy of Plaintiff Barry Spencer's Complaint.[1]  (See Complaint - attached hereto as Exhibit 1.)  Along with his Complaint, Plaintiff served the following: (i) Civil Action Coversheet (Exhibit 2), (ii) Affidavit of Indigency (Exhibit 3); (iii) Notice of Waiver of Court Costs and Request for Payment to be Withdrawn from Account (Exhibit 4); (iv) Motion for Service Process by Suffolk County Sheriff Department Civil Process Division (Exhibit 5); (v) Motion to Appoint Designee for Defendants (Exhibit 6); (vi) Civil Tracking Order (Exhibit 7); (vii) Clerk's Notice (Exhibit 8); and (viii) Clerk's Notice (Exhibit 9).

3.     Plaintiff's Complaint alleges claims grounded in the Constitution and the laws of the United States.  See 28 U.S.C. § 1331.  Specifically, the Plaintiff alleges "violation of the Plaintiff's constitutional rights brought pursuant to 42 U.S.C. § 1983." (See Exhibit 1, at 1.) Plaintiff's 122 paragraph Complaint contains ten causes of action; Counts 1 – 9 are for alleged violations of 42 U.S.C. § 1983 and Count 10 alleges a violation of M.G.L. c. 12, § 11I.

4.     Plaintiff's claims for relief arise under the Constitution and laws of the United States and therefore are subject to removal under 28 U.S.C. §§ 1331 and 1441(a).

5.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and to the extent Plaintiff's Complaint may be read to include a state-law claim, the entire action may be removed pursuant to 28 U.S.C. § 1367(a).

6.     Removal is appropriate to the district court of the United States for the district and division embracing the place where such action is pending.  28 U.S.C. § 1441(a).  Venue is proper in this District.  See 28 U.S.C. § 1441(a); 28 U.S.C. § 101.

---

[1] Be removing the State Court Action, the Defendant is not waiving any defenses he has to the Complaint, including the adequacy of service.

7.     Defendant's Notice of Removal is timely as (30) days have not elapsed since Defendant's receipt of Plaintiff's Complaint.  See 28 U.S.C. § 1446(b)(1); Novak v. Bank of New York Mellon Trust Co., 783 F.3d 910, 911-14 (1st Cir. 2015).

8.     The Superior Court docket does not reflect that the Plaintiff has caused any of the other Defendants to be served.  (See Exhibit 10.)  See generally 28 U.S.C. § 1446(b)(2)(A).

9.     Attached hereto as Exhibit 11 is a true and correct copy of the Notice of Removal that the Defendant shall file in the State Court Action and shall serve a copy thereof on Plaintiff pursuant to 28 U.S.C. 1446(d).

Dated: October 17, 2016

Respectfully submitted,

DEFENDANT MARTIN WALSH

By his attorneys:

Eugene L. O'Flaherty
Corporation Counsel



Nieve Anjomi (BBO# 651212)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4098
Nieve.Anjomi@boston.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following party by mail at the following address:

Barry Spencer II
PO Box 1218
Shirley, MA 01464

10/17/16
Date

Nieve Anjomi

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Barry Spencer | Annie Dookhan et al. |

| (b) County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC s 1983

Brief description of cause:
Alleged Civil Rights Violations

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE
10/17/2016

SIGNATURE OF ATTORNEY OF RECORD
*Counsel for Defendant Walsh*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Spencer, Barry v. Dookhan, Annie et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

   ☐   I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑   II.   110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*,  850, 870,  871.

   ☐   III.   120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☑   NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☑

7. Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).

   YES ☑   NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☑      Central Division ☐      Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐      Central Division ☐      Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Nieve Anjomi
ADDRESS 1 City Hall Plaza, Boston, MA 02201
TELEPHONE NO. 617-635-4098

(CategoryForm3-2016.wpd )

I hereby certify on 10/18/16 that the
foregoing document is true and correct copy of the
☑ electronic docket in the captioned case
□ electronically filed original filed on_____
□ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: _Yvonne Tranklin_
Deputy Clerk

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:16-cv-12076-ADB



Spencer, II v. Dookhan et al
Assigned to: Judge Allison D. Burroughs
Case in other court: Suffolk Superior Court, 1684CV02843
Cause: 28:1441 Petition for Removal- Civil Rights Act

Date Filed: 10/17/2016
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**Barry Spencer, II**                          represented by **Barry Spencer, II**
PO Box 1218
Shirley, MA 01464
PRO SE

V.

## Defendant

**Annie Dookhan**

## Defendant

**Daniella Frasca**

## Defendant

**Martin J. Walsh**                            represented by **Nieve Anjomi**
City Of Boston Law Department
One City Hall Plaza
Room 615
Boston, MA 02201
617-635-4098
Fax: 617-635-3199
Email: nieve.anjomi@boston.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**John Polanowicz**

## Defendant

**Judyann Bigby**

## Defendant

**John Auerbach**

## Defendant

**Linda Han**

**Defendant**

**Charles Salemi**

**Defendant**

**elizabeth O'brien**

**Defendant**

**Peter Piro**

**Defendant**

**Donald Keenan**

**Defendant**

**William Dwan**

**Defendant**

**Peter Chu**

**Defendant**

**Brian Mahoney**

**Defendant**

**Timothy Lynch**

**Defendant**

**John Ryle**

**Defendant**

**Daniel Conley**

**Defendant**

**Suffolk County District Attorney's Office**

**Defendant**

**William Evans**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/17/2016 | 1 | NOTICE OF REMOVAL by Martin J. Walsh ( Fee Status: Local Government) (Attachments: # 1 Civil Cover Sheet)(Anjomi, Nieve) (Additional attachment(s) added on 10/18/2016: # 2 Category Form) (Franklin, Yvonne). (Entered: 10/17/2016) |
| 10/18/2016 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge Allison D. Burroughs assigned to case. If the trial Judge issues an Order of Reference of any matter in |

| | | this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Marianne B. Bowler. (Abaid, Kimberly) (Entered: 10/18/2016) |
|---|---|---|
| 10/18/2016 | 3 | Certified Copy of Notice of Removal Provided to Defense Counsel by mail. (Franklin, Yvonne) (Entered: 10/18/2016) |