UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARRY SPENCER, II )
On behalf of himself )
and all others )
similarly situated, ) No. 1:16-cv-12076
    Plaintiffs, )
) MOTION TO INTERVENE
vs ) (Fed. R. Civ. P. 24)
)
COMMONWEALTH, SUFFOLK COUNTY, )
CITY OF BOSTON, ANNIE DOOKHAN, )
DANIELLA FRESCA, MARTIN WALSH, )
JOHN POLANOWICZ/JUDYANN BIGBY, )
JOHN AUERBACH/CHERYL BARLETT, )
LINDA HAN, CHARLES SALEMI, )
ELIZABETH O'BRIEN, PETER PIRO, )
DONALD KEENAN, WILLIAM DWAN, )
PETER CHU, BRIAN MAHONEY, )
TIMOTHY LYNCH, JOHN RYLE, )
WILLIAM EVANS, DANIEL CONLEY and )
SUFFOLK COUNTY ATTORNEY"S OFFICE )
    Defendants

KENNETH WALLACE
_____
    Intervener,

## Relief Sought

    __Kenneth Wallace_____, Intervenor moves this court for an order that [he or she] may intervene as a plaintiff in this action as a matter of right under Rule Rule 24(a)(2) of the Federal Rules of of Civil Procedure or, in the alternative, allowing __Kenneth Wallace_____, Intervenor permissive intervention as a plaintiff in this matter under rule 24(b)(1)(B) of the Federal Rules of Civil Procedure.

    As further alternative, if intervention is not allowed, this motion serves as notice to the existing parties in this action that __Kenneth Wallace__ intervener appears in this action through the Plaintiff, listed above, as expressely authorized by Rule 23(c)(2) of the Federal Rules of Civil Procedure.

1

Grounds For Relief

1. On March ___, 2017 Kenneth Wallace intervenor obtained information a Notice of Removal was issues for this case, from the Suffolk Superior Court where he was about to intervene pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, because [he or she] was a member of the plaintiff class in this action.

2. According to Rule 23(d) of the Federal Rules of Civil Procedure, this court is aurhorized to enter an order to make this a class action permitting members of a class, such as Kenneth Wallace, intervener, to intervene in the class action to present claims or defenses if and when those class members show that their rights are not adequately represented in the action. See Fed. R. Civ. P. 24, advisory committee notes of 1966 ("a member of a class should have a right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court").

3. The criteria of the intervention rule, Rule 24 will determine whether a motion to intervene should be granted. See, e.g. Diduck v Kaszycki & Sons, Contractors, Inc., 149 F.R.D. 55, 57-58 (S.D.N.Y. 1993)("To the extent that Rule 23 deals with intervention, it should be construed harmoniously with Rule 24").

4. Kenneth Wallace, Intervener is entitled to intervene in this action as a metter of right under Rule 24(a)(2) because:

a. This application is timely filed. It is a mere few days after the case was pending and that was a member of the class. The few days is a reasonable time to permit persons such as Kenneth Wallace, intervenor, to investigate the class action and the representive plaintiff(s) to determine if they are adequate representives.

b. Intervenor's interest in the action and the facts that [his or her] ability to protect that interest may be impaired is, in effect, established by the Hinton Lab scandel by the actions of Annie Dookhan. This class action consist of Annie Dookhan defendant's that were maliciously prosecuted and/or convicted in the course of egregious government misconduct. Any ruling by this court, prior or on this issue as a judgement in this action may have preclusive effects on any independant, subsequent action by members of the class, such as intervenor.

C. The court has not certified this as a class, nor determined adequacy of representative plaintiff, intervenor, contends that [he or she] be allowed to represent their interest, because the applicant for intervention is always the best judge of what he or she considers adequate representation, doubts should always be resolved in favor of intervention. See, e.g. FSLIC v Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11 th Cir. 1993);

5. The Plaintiff is a member of a protected class, so is the Intervenor who raises [his or her] claims as a class of one, as a single individual who was treated differntly from other citicens in the Commonwealth and City of Boston. Nixon

3

v Administrator of General Services, 433 U.S. 425, 472 (1977).

[Alternative Two. Intervenor has qualifying interest in subuject of action]

1.  Kenneth Wallace, has a legally protectable interest in the subjectmatter of this action. This action concerns the Commonwealth, Suffolk County, City of Boston, Hinton Lababoratory its employees, especially its Management and Annie Dookhan, malicious prosecution, unconstitution conviction, conspiracy, racial profiling, ch. 258D and other monell violations, the plaintiff's attempt to collect on an illegal acts conducted by the government actors. This Intervenor has a direct, protectable interest in this action because [he or she] is of the same class.

2.  Kenneth Wallace's interests in the action will be substantially impaired oe impeded if [he or she] is not allowed to intervenr. In particular, it will congest the court by multiple cases of the same defendant, and a case by case basis will cause redundent testimony expense to parties and the court, if the obligation is established, intervenor will be foreclosed, by the terms of a ruling, from challenging the validity of the illegal acts for compensation in any future action. The current defendant has, in fact, several defenses to this obligation that it has chosen not to assert and that will not be asserted in this action unless intervention is allowed.

3.  The claims that Kenneth Wallace desires to assert in this action if permitted to intervene share com-

4

causes of action.

4. Judicial economy will be served by allowing intervention because all the evidence in this case on the inept and egregious government misconduct of the Hinton Lab and annie dookhan and Boston Police is common to both the defenses asserted by the defendant and the proposed defendant-in-intervention concerning the validity of the samples tested at the lab or any other defense the defendant proposed to be added by the intervenor would be duplicative and wasteful. In contrast, adding this issue to the current suit would not substantially delay the trial or the plaintiff's ultimate judgement, because the factual issues are identical, and only the legal rights that flow from the facts are disputed.

### Grounds for Granting of Motion

This court has subject matter jursdiction of the issue pursuant to the request for removal and or pendant jursdiction, as required also by Rule 24(c) of the Federal Rules of Civil Procedure.

Dated: March    , 2017

                                        Respectfully submitted,

                                        /s/Kenneth Wallace
                                        P.O. Box 1218
                                        Shirley, MA 01464