UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARRY SPENCER | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:16-cv-12076-ADB |
| | * | (Lead Docket Number) |
| ANNIE DOOKHAN, et al., | * | |
| | * | |
| Defendants. | * | |

_____

| | | |
|---|---|---|
| BARRY SPENCER | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:16-cv-12080-ADB |
| | * | (Original Docket Number) |
| SONYA FARAK, et al., | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

In these civil rights actions, Plaintiff Barry Spencer alleges violations of 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 12, § 11I.[1] Spencer seeks compensatory and punitive damages, as well as costs, including reasonable attorneys' fees. For the reasons stated herein, the Court orders as follows: (1) Defendant Walsh's motions to dismiss, Spencer II, ECF No. 9 and Spencer III, ECF No. 7, are GRANTED; (2) Spencer's motion to certify class action, Spencer II, ECF No. 11, is DENIED AS MOOT; (3) Spencer's motions to appoint class counsel, Spencer II,

---

[1] For clarity, the pleadings filed in Spencer v. Dookhan, No. 13-cv-11431, will be referred to as "Spencer I, ECF No. __"; the pleadings filed in Spencer v. Dookhan, No. 16-cv-12076, will be referred to as "Spencer II, ECF No. __"; and the pleadings filed in Spencer v. Farak, No. 16-cv-12080, will be referred to as "Spencer III, ECF No. __."

1

ECF Nos. 15, 29 and Spencer III, ECF No. 9, are DENIED AS MOOT; (4) Spencer's motions to amend the complaints, Spencer II, ECF No. 14 and Spencer III, ECF No. 10, are DENIED AS MOOT; (5) the motions to intervene, Spencer II, ECF Nos. 7, 8, 12, and 28, are DENIED AS MOOT.

## I. BACKGROUND

At the motion to dismiss stage, the Court accepts as true all well-pleaded facts, analyzes those facts in the light most hospitable to the plaintiff's theory, and draws all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).

### A. Spencer's 2003 Arrest and Subsequent Conviction

The following facts are taken from the complaint filed in Spencer III, ECF No. 6 at 7–41 (hereinafter, "Compl."). On December 10, 2003, Spencer was arrested on charges of narcotics distribution, and on January 21, 2004, he was indicted in the Suffolk County Superior Court, case number SUCR2004-10017, for distribution of a Class B controlled substance. Compl. ¶¶ 24–29, 44; Spencer III, ECF No. 8-1 at 6.[2] The narcotics samples obtained during Spencer's arrest were sent to the Hinton Laboratory, where they were assigned to Sonya Farak and an unknown chemist for testing. Id. ¶ 33, 41. Spencer alleges that Farak and Annie Dookhan tampered with the samples and engaged in misconduct that deprived him of his constitutional, civil, and other rights. Id. ¶ 43.

---

[2] "[W]hen reviewing a motion to dismiss for failure to state a claim, a court may consider matters of public record." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)) (internal quotations omitted). Accordingly, the Court will consider the dockets and pleadings in case number SUCR2004-10017 submitted with Defendant Walsh's motion to dismiss and memorandum in support, Spencer III, ECF Nos. 7–8, and the dockets and pleadings in case number 13-cv-11431.

The case proceeded to trial on July 17, 2006, Spencer III, Compl. ¶ 53, and the jury returned its verdict on July 21, 2006, finding Spencer guilty of the lesser included charge of possession of a Class B substance. Id. at ¶ 56. He was sentenced to a term of one year. Id. The Massachusetts Appeals Court affirmed Spencer's conviction on May 19, 2010, Commonwealth v. Spencer, 926 N.E.2d 230 (Mass. App. Ct. 2010), and the Supreme Judicial Court denied his petition for further appellate review on September 15, 2010, Commonwealth v. Spencer, 934 N.E.2d 825 (Mass. 2010). Spencer III, Compl. ¶ 57.

On November 15, 2006, while his appeal was pending, Spencer filed a civil case in Suffolk County Superior Court alleging various constitutional violations related to his 2003 arrest. Spencer III, ECF No. 8-2. On August 26, 2008, the Superior Court granted summary judgment to the defendants. Spencer III, ECF No. 8-3.

On January 19, 2013, Farak was indicted on various offenses related to her work at the Hinton Laboratory. Spencer III, Compl. ¶ 61. On June 29, 2013, Spencer filed a motion for new trial claiming that his appellate counsel was ineffective for failing to raise a claim under Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), which held that the Confrontation Clause of the Constitution requires drug analysts to testify in person at trial, rather than submitting an affidavit. Id. ¶ 58; Spencer III, ECF No. 8-1 at 16. The trial court denied the motion, but the decision was reversed by the Massachusetts Appeals Court on December 14, 2015. Spencer III, Compl. ¶ 58; Commonwealth v. Spencer, 42 N.E.3d 210 (Mass. App. Ct. 2015). Spencer is currently awaiting retrial on this case. See Spencer III, ECF No. 8-1.

In June 2013, just prior to the filing of Spencer's motion for new trial, Spencer filed new civil cases with identical complaints in the Suffolk County Superior Court and the U.S. District Court for the District of Massachusetts alleging various constitutional violations related to his

2003 arrest, as well as subsequent arrests in 2006, 2010, and 2013. Spencer I, ECF No. 1; Spencer III, ECF No. 8-4. Spencer, *inter alia*, alleged that the Boston Police Department, Hinton Laboratory, Suffolk County District Attorney, and United States Attorney's Office negligently failed to train and supervise their employees. Spencer I, ECF No. 1; Spencer III, ECF No. 8-4. The Superior Court case was dismissed on August 21, 2015, Spencer III, ECF No. 8-5, and Judge Casper of the District of Massachusetts dismissed the federal case on December 5, 2015, Spencer I, ECF No. 30.

Thereafter, Spencer filed the instant action in the Suffolk County Superior Court on September 13, 2016. Spencer III, Compl. On October 18, 2016, Defendant Martin Walsh, the Mayor of Boston, removed Spencer's action to this Court. Spencer III, ECF No. 6 at 71.

Currently pending before this Court in Spencer III are Walsh's motion to dismiss, ECF No. 7, and Spencer's motion to amend the complaint, Spencer III, ECF No. 10.

**B.    Spencer's 2006 Arrest and Subsequent Conviction**

The following facts are taken from the complaint filed in Spencer II, ECF No. 6 at 7–46 (hereinafter, "Compl."). On May 26, 2006, Spencer was arrested in relation to various drug offenses. Spencer II, Compl. ¶ 29. On July 11, 2006, Dookhan tested samples of the narcotics alleged to have been distributed by Spencer. Id. ¶¶ 47–51. On August 7, 2006, Spencer was indicted in the Suffolk County Superior Court, case number SUCR2006-10731. Id. ¶¶ 52–53; Spencer II, ECF No. 10-1 at 7. The case proceeded to trial on April 17, 2007, Spencer II, Compl. ¶ 58, and on April 19, 2007, Spencer was convicted of three counts of distribution of a Class B controlled substance (Counts 1, 3, and 5). Spencer II, ECF No. 10-1 at 12. Each of the distribution counts was accompanied by an additional count of violating the Controlled Substances Act while in, on, or near school property (Counts 2, 4, and 6). Id. Spencer was

4

sentenced to three concurrent terms of five years and one day on Counts 1, 3, and 5, and three concurrent terms of two-and-a-half years on Counts 2, 4, and 6, with Counts 2, 4, and 6 to run consecutive to Counts 1, 3, and 5. Id. at 13.

On June 11, 2010, Spencer filed an unopposed motion for new trial,[3] which was granted on August 17, 2010. Spencer II, Compl. ¶ 59; Spencer II, ECF No. 10-1 at 16. On December 17, 2012, Dookhan was indicted on various offenses related to her work at the Hinton Laboratory. Spencer II, Compl. ¶ 64.

As discussed above, in June 2013, Spencer filed civil cases with identical complaints in the Suffolk County Superior Court and the U.S. District Court for the District of Massachusetts alleging various constitutional violations related to his 2006 arrest, as well as his 2003, 2010, and 2013 arrests. Spencer I, ECF No. 1; Spencer II, ECF No. 10-4.

On October 7, 2014, while the civil actions were pending, the Commonwealth announced that it would not go forward with the three sentence enhancements (Counts 2, 4, and 6) and would instead retry Spencer only on the substantive distribution charges (Counts 1, 3, and 5). Spencer II, ECF No. 10-1 at 23–24. On October 9, 2014, the case proceeded to a second trial. Spencer II, Compl. ¶ 76; Spencer II, ECF No. 10-1 at 24. On October 14, 2014, Spencer was convicted on Counts 1 and 3, and acquitted of Count 5. Spencer II, Compl. ¶ 78; Spencer II, ECF No. 10-1 at 25. Spencer was again sentenced to concurrent terms of five years and one day on Counts 1 and 3. Spencer II, ECF No. 10-1 at 26. Spencer indicates that Count 5 is "the charge[] relevant to this complaint." Spencer II, Compl. ¶ 78.

Spencer filed the instant action in the Suffolk County Superior Court on September 13, 2016. Spencer II, Compl. On October 17, 2016, Defendant Walsh filed a Notice of Removal in

---

[3] The Court is not able to determine the basis for the motion.

the Superior Court, removing Spencer's action to this Court. Spencer II, ECF No. 6 at 104.

Currently pending in Spencer II are Walsh's motion to dismiss, Spencer II, ECF No. 9; Spencer's motion to certify class action, Spencer II, ECF No. 11; Spencer's motion to amend the complaint, Spencer II, ECF No. 14; Spencer's motion to appoint class counsel, Spencer II, ECF No. 15; and multiple motions to intervene, Spencer II, ECF Nos. 7, 8, 12, and 28.

## II. LEGAL STANDARD

To evaluate a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. U.S. ex rel. Hutcheson, 647 F.3d at 383. The Court "must consider the complaint, documents annexed to it, and other materials fairly incorporated within it," which "sometimes includes documents referred to in the complaint but not annexed to it" and "matters that are susceptible to judicial notice." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).

Although detailed factual allegations are not required, a pleading must set forth "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). Further, the facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

The First Circuit has noted that "[t]he plausibility standard invites a two-step pavane." Id.

"At the first step, the court 'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). "At the second step, the court must determine whether the remaining factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotations and citation omitted). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010). "Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense, the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (internal quotations and citations omitted).

### III. DISCUSSION

#### A. Claim Preclusion

Defendant Walsh argues that Spencer's complaints in both Spencer II and Spencer III must be dismissed because the claims are barred by the doctrine of claim preclusion, since Spencer raised similar sets of claims in prior actions filed in the state and federal courts. Spencer II, ECF No. 10 at 5–8; Spencer III, ECF No. 8 at 5–8.

Under both federal and Massachusetts law, "[t]he doctrine of *res judicata* bars all parties and their privies from relitigating issues which were raised or *could have been raised* in a previous action, once a court has entered a final judgment on the merits in the previous action." FDIC v. Shearson-Am. Exp., Inc., 996 F.2d 493, 497 (1st Cir. 1993) (citing United States v. Alky Enters., Inc., 969 F.2d 1309, 1314 (1st Cir. 1992)); see also Kobrin v. Bd. of Registration in

7

Med., 832 N.E.2d 628, 634 (Mass. 2005). Federal courts must "give preclusive effect to state-court judgment[s] whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738). This mandate includes state-court judgments in § 1983 cases. Id. at 97. "Consequently, state law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in a federal court." Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000).

Both federal and Massachusetts law require proof of three elements to invoke claim preclusion: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Kobrin, 832 N.E.2d at 634 (quoting DaLuz v. Dep't of Corr., 746 N.E.2d 501, 505 (Mass. 2001)); see also Shearson-Am. Exp., 996 F.2d at 497 (citing Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991)).

### i.  Spencer II

On June 10, 2013, Spencer filed a complaint in this Court alleging various constitutional violations related to his 2006 arrest, as well as constitutional violations related to his other arrests (hereinafter, the "2013 Federal Court Action"). Spencer I, ECF No. 1. The following day, on June 11, 2013, Spencer filed an identical complaint in the Suffolk Superior Court (hereinafter, the "2013 State Court Action"). Spencer II, ECF No. 10-4 at 22–27. Thereafter, on July 12, 2013, Spencer amended his complaint filed in the 2013 Federal Court Action, Spencer I, ECF No. 9, and on July 15, 2013, he also amended his complaint in the 2013 State Court Action, Spencer II, ECF No. 10-4 at 2–21. The amended complaints are identical, so the Court will refer to both actions collectively, where appropriate, as the "2013 Actions."

The first element of claim preclusion requires identity or privity of the parties to the

8

present and prior actions. Kobrin, 832 N.E.2d at 634. Where the parties to the present and prior action are the same, identity has been established. Id. Further, "claim preclusion may be invoked by a person who was not a party to the prior action . . . if that person's interest was represented by a party to the prior action." Cavic v. Am.'s Servicing Co., 806 F. Supp. 2d 288, 292 (D. Mass. 2011).

As Spencer was the plaintiff in both of the 2013 Actions and is the plaintiff in the instant case, identity has been established. With respect to the defendants, the following defendants in the instant action were also named as defendants in the 2013 Actions: Annie Dookhan, Donald Keenan, William Dwan, Timothy Lynch, and the Suffolk County District Attorney. Thus, identity has been established for the aforementioned defendants. The remaining defendants, although not parties to the 2013 Actions, are permitted to use the judgments in those cases "defensively" against Spencer.[4] Thus, the first element of claim preclusion has been satisfied.

The second element of claim preclusion requires proof of identity of the causes of action. Kobrin, 832 N.E.2d at 634. Where the present action "grows out of the same transaction or series of connected transactions as the [prior action]," identity of causes of action for res judicata purposes has been established. See Kale, 924 F.2d at 1166 (quoting Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983)) (internal quotations omitted). In both Spencer II and the 2013 Actions, Spencer brought causes of actions for violations of his constitutional rights as a result of his

---

[4] "A nonparty to a prior adjudication can be bound by it only where the nonparty's interest was represented by a party to the prior litigation." TLT Const. Corp. v. A. Anthony Tappe & Assocs., Inc., 716 N.E.2d 1044, 1050 (Mass. App. Ct. 1999). Here, the Court determines that the interests of the defendants who were not parties to the prior actions were adequately represented. The non-party defendants fall within the same general categories of defendants named in all of Spencer's suits (Boston police officers, employees of the Massachusetts Department of Public Health, district attorneys), and the Court is not aware of any reason why their interests would not be essentially the same. Furthermore, the adequacy of the representation is demonstrated by the fact that the parties to the prior action achieved a successful outcome.

9

arrest on May 26, 2006. Spencer I, ECF No. 9; Spencer II, Compl., ECF No. 10-4. Thus, identity of causes of action has been established. Further, to the extent Spencer is alleging new claims that could have been adjudicated in the 2013 Actions, those claims are barred. See Kobrin, 832 N.E.2d at 634 ("Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or *could have been* adjudicated in the action." (emphasis added) (quoting O'Neill, 700 N.E.2d at 532)).

The third element of claim preclusion requires a prior final judgment on the merits. Kobrin, 832 N.E.2d at 634. On August 21, 2015, the 2013 State Court Action was dismissed on the ground that Spencer's claims were time-barred. Spencer II, ECF No. 10-5. On December 5, 2015, the 2013 Federal Court Action was dismissed on the grounds that Spencer's claims were barred by the rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994), and were also time-barred. Spencer I, ECF No. 30. These dismissals of the 2013 Actions represent prior final judgments on the merits. Cooper v. Principi, 71 F. App'x 73, 74 (1st Cir. 2003) ("It is well-settled that a dismissal on statute-of-limitations grounds is a judgment 'on the merits'" (citing Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995)). Therefore, as the three elements of claim preclusion under both Massachusetts and federal law have been satisfied, the claims in Spencer II are precluded.

   ii. Spencer III

On November 15, 2006, Spencer filed a civil case in Suffolk Superior Court alleging various constitutional violations related to his 2003 arrest (hereinafter, the "2006 State Court Action"). Spencer III, ECF No. 8-2. The Court notes that, in the 2013 Actions discussed above, Spencer also claimed multiple constitutional violations related to his 2003 arrest, as well as constitutional violations related to his other arrests. See Spencer I, ECF No. 9; Spencer II, ECF

No. 10-4.

As to the first element of claim preclusion, identity or privity of the parties in the present and prior actions, Spencer was the plaintiff in the 2006 State Court Action and the 2013 Actions and is the plaintiff in the instant case, so identity has been established. With respect to the defendants, Jason Reid and Lynwood Jenkins were also named as defendants in the 2006 State Court Action, and Donald Keenan and William Dwan were also named as defendants in the 2006 State Court Action and the 2013 Actions. Thus, identity has been established for Defendants Reid, Jenkins, Keenan, and Dwan. The remaining defendants, although not parties to the 2006 State Court Action or the 2013 Actions, are permitted to use the judgments in those cases "defensively" against Spencer, for the reasons discussed *supra*. Thus, the first element of claim preclusion has been satisfied.

For the second element of claim preclusion, proof of identity of the cause of action, where the present action "grows out of the same transaction or series of connected transactions as the [prior action]," identity of causes of action for res judicata purposes has been established. See Kale, 924 F.2d at 1166 (quoting Isaac, 706 F.2d at 17) (internal quotations omitted). In the instant case, the 2006 State Court Action, and the 2013 Actions, Spencer brought causes of actions for violations of his constitutional rights as a result of his arrest on December 10, 2003. Spencer I, ECF No. 9; Spencer II, ECF No. 10-4; Spencer III, Compl., ECF No. 8-2. Thus, identity of causes of action has been established. Further, to the extent Spencer is alleging new claims that could have been adjudicated in the 2006 State Court Action or the 2013 Actions, those claims are barred. See Kobrin, 832 N.E.2d at 634.

The third element of claim preclusion, a prior final judgment on the merits, is also satisfied. On August 27, 2008, the Suffolk Superior Court granted summary judgment to

Defendants Reid, Keenan, and Jenkins in the 2006 State Court Action on the ground that they were "entitled to qualified immunity because their actions did not deprive [Spencer] of any constitutional rights." Spencer III, ECF No. 8-3 at 4. The Suffolk Superior Court also granted summary judgment to Defendant Dwan on the basis that he had no personal involvement "in any aspect of the events leading up to the arrest of Spencer" and that "[s]uperiors who had no direct involvement in the alleged misconduct cannot be held liable for monetary damages because of a failure to supervise." Id. at 6–7. On August 21, 2015, the 2013 State Court Action was dismissed on the ground that Spencer's claims were time-barred. Spencer II, ECF No. 10-5. On December 5, 2015, the 2013 Federal Court Action was dismissed on the grounds that Spencer's claims were barred by the rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994), and were also time-barred. Spencer I, ECF No. 30. These dismissals of the 2006 State Court Action and the 2013 Actions represent prior final judgments on the merits. Therefore, as the three elements of claim preclusion under both Massachusetts and federal law have been satisfied, the claims in Spencer III are precluded.

### B. Heck v. Humphrey

Walsh also argues that Count 7 of both Spencer II and Spencer III, which alleges that Walsh and other defendants withheld exculpatory evidence and fabricated evidence, is barred by the "favorable termination" rule of Heck v. Humphrey, 512 U.S. 477 (1994). Spencer II, ECF No. 10 at 12–14; Spencer III, ECF No. 8 at 13–15. In Heck, the Supreme Court held that, in a § 1983 suit for damages, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 486–87. To show that a conviction or sentence was

12

"invalidated," it must have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id.

Throughout the complaint, Spencer makes repeated allegations that the defendants engaged in activity that, if true, would implicate the validity of his convictions. For example, Spencer's allegations that Walsh and other defendants failed to provide exculpatory evidence to the prosecution, Spencer II, Compl. ¶ 111; Spencer III, Compl. ¶ 99, necessarily implies the invalidity of Spencer's conviction or sentence. See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

It appears that the validity of both Spencer's convictions may still be in question. With respect to the conviction stemming from the 2003 arrest, Spencer was granted a new trial by the Massachusetts Appeals Court on December 14, 2015, Spencer, 42 N.E.3d at 210, and he is apparently awaiting the retrial, Spencer III, ECF No. 8-1. As to his 2006 arrest and subsequent conviction, although Spencer successfully moved for a new trial, the Court is unable to determine on what basis that new trial motion was granted. Spencer claims that the alleged narcotics that were the subject of the case were tested by Annie Dookhan at the Hinton State Laboratory. Spencer II, Compl. ¶¶ 47–51. The Massachusetts Supreme Judicial Court recently issued an opinion ordering each district attorney to review every case in which Dookhan signed the drug certificate and to identify those convictions in which the district attorney will move to vacate and dismiss with prejudice, and which convictions the district attorney would attempt to reprosecute. Bridgeman v. Dist. Attorney for Suffolk Dist., 67 N.E.3d 673, 695–96 (Mass. 2017).

13

The Court is not currently able to determine the status of Spencer's 2006 case in the aftermath of the Bridgeman ruling, and the parties have not brought any new information to the Court's attention.

Dismissing this case due to claim preclusion would appear to pose a problem where the validity of the 2003 and 2006 convictions is still at issue because "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489–90. Ordinarily, when a plaintiff attempts to bring a claim that is barred by Heck, the case is stayed pending the final outcome of the relevant criminal case, or the claim is dismissed without prejudice. Wallace v. Kato, 549 U.S. 384, 393–94 (2007) (if a plaintiff files a claim subject to the Heck rule while the related criminal case is ongoing, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended"); Wheeler v. Dayton Police Dep't, 807 F.3d 764, 767 (6th Cir. 2015) ("When courts dismiss claims under Heck, they typically do so *without prejudice* . . . .").

Although the First Circuit has "recognized the existence of judicial power to make an occasional exception to claim preclusion in order to prevent undue hardship," the "Supreme Court has discouraged if not forbidden resort to equity as a way of avoiding *res judicata*." United States v. Cunan, 156 F.3d 110, 119 (1st Cir. 1998). Claim preclusion is not just a procedural rule; it implicates "fundamental and substantial justice" and must be carefully enforced by the courts. Id. (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 401 (1981)). "[G]eneral exceptions to the doctrine of res judicata . . . 'must be limited to special circumstances, lest they invite such frequent second actions as to weaken the repose and reliance values of res judicata in all cases.'" García-Monagas v. De Arellano, 674 F.3d 45, 56 (1st Cir. 2012) (quoting 18 Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4415 (2d ed. 2002)).

In this case, given the importance of respecting the final judgments of other courts, and the potential availability of other remedies, the Court determines that this situation is not so exceptional that it justifies making a departure from *res judicata*. Whether or not Spencer was entitled to a stay or dismissal without prejudice pursuant to Heck is an issue that should have been raised in the courts that previously considered his claims, or that could have been raised by appealing the decisions of those courts. Indeed, Spencer may still be able to move for reconsideration in those courts in light of the new developments related to his 2003 and 2006 convictions. Spencer cannot, however, repeatedly file similar cases involving the same convictions and allegations, and earn additional opportunities to litigate the same claims, all because the underlying criminal matter has not been fully resolved.

### IV. CONCLUSION

For the reasons explained above, Defendant Walsh's motions to dismiss are GRANTED. Spencer II, ECF No. 9, Spencer III, ECF No. 7.[5]

**SO ORDERED.**

June 27, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE

---

[5] This order disposes of all of Spencer's pending claims in both Spencer II and Spencer III. Accordingly, the following pending motions are DENIED AS MOOT: (1) Spencer's motion to certify class action, Spencer II, ECF No. 11; (2) Spencer's motion to appoint class counsel, Spencer II, ECF No. 15; (3) Spencer's motions to amend the complaints, Spencer II, ECF No. 14; Spencer III, ECF No. 10; and (4) the motions to intervene, Spencer II, ECF Nos. 7, 8, 12, and 28.